No. 24.—The Mayor and Council of Macon, plaintiffs in error, *vs.* Harvey W. Shaw, defendant.

[1.] The Mayor and City Council of Macon, in accusing, trying and dismissing their Marshal, under and by authority of their charter and ordinances, upon a charge of malpractice in office, or neglect of duty, by gambling in said city, were acting in the character of a Judicatory, in the sense in which that term is used in the Constitution of our State; and the writ of *certiorari* to the Superior Court, lies in such a case.

[2.] Our Judiciary Act of 1799 refers only to the writ of *certiorari*, as issuing to the Inferior Court *proper*, (meaning our County Court, composed of five Justices,) and the 20 day's notice, by that Act required to be given, has application to such Court only.

[3.] The crime of gambling in the City of Macon, by the Marshal, does not constitute such malpractice in office, or neglect of duty, as was contemplated by the 3d section of the amendment to the Charter, passed February 22d, 1850.

Certiorari, in Bibb Superior Court. Decided by Judge Powers, May Term, 1854.

## BILL OF EXCEPTIONS.

GEORGIA—BIBB COUNTY:

Be it remembered, that on the fifth day of June, 1854, during the regular term of the Superior Court of said county, His Honor, ABNER P. POWERS, one of the Judges of the Superior Courts of said State presiding :

The petition for *certiorari*, of Harvey W. Shaw *vs.* The Mayor and Council of the City of Macon, came on to be heard ; and Counsel for both parties having announced themselves ready, argument was had upon the said petition for *certiorari* and statement of facts, as agreed upon by Counsel, as follows, to-wit :

STATE OF GEORGIA—BIBB COUNTY:

*To His Honor, Abner P. Powers, one of the Judges of the Superior Courts :*

The petition of Harvey W. Shaw sheweth, .that heretofore, to-wit : on the third day of June, in the year 1853, at a regular meeting of the Honorable the Mayor and Council of the City of Macon, held at the Council Chamber in said city, the following Preamble and Resolutions were agreed and passed by said body, to-wit :

WHEREAS, It has been represented to the Mayor and Council that indictments have been returned by the Grand Jury, at the last term of Bibb Superior Court, against Harvey W. Shaw, Chief Marshal, and Henry J. Cooper, Deputy Marshal of the city, for gambling ; and whereas, Council have reason to believe that said offence, if committed, was committed within the corporate limits of the city :

*Resolved*, That Council will proceed, at the next regular meeting of the Council Chamber, to-wit : on Friday next, the 10th of June, 1853, at four o'clock in the afternoon, to investigate the said charges, and to put said Harvey W. Shaw and said Henry J. Cooper, on their trial for the same.

*Resolved*, That the Mayor is requested to have the proper

The Mayor, &c. *vs.* Shaw.

notices served upon said Harvey W. Shaw and said Henry J. Cooper, requiring each of them to appear, then and there, to answer said charge.

*Resolved,* That the Mayor is requested to have the witnesses who appeared before the Grand Jury subpœnaed, to be in attendance at said time and place.

And petitioner further showeth, that in pursuance of said resolution, your petitioner, on the 7th day of said month, was served with a notice, of which the following is a copy :

GEORGIA—BIBB COUNTY :

   *City of Macon to Harvey W. Shaw, Marshal:*

You are hereby required, personally, to be and appear at the Council Chamber in said city, at 4 o'clock P. M. on Friday next, to answer to charges preferred against you.

                     A. R. FREEMAN, c.c.

*June 7th,* 1853.

And petitioner further showeth, that afterwards, to-wit : on the 10th day of said month, petitioner appeared, in obedience to said summons and notice, at the time and place therein mentioned, before the said Council then in session ; when, on motion of Alderman Holt, a member of Council, the regular business was suspended until the investigation of the charges against the Chief Marshal was disposed of.

And on motion, it was agreed by Council that Messrs. Poe, Nisbet & Poe, as Counsel for said corporation, and Messrs. Lanier & Anderson, Robert A. Smith, Hall & Carey, and Stubbs & Hill, as Counsel for said Harvey W. Shaw, be permitted to occupy seats within the bar, to conduct the prosecution and defense of said case.

Whereupon, the said Shaw was asked if he was ready to answer the charges preferred against him, when petitioner, by his Counsel, answered ready. The prosecution announced ready, and was proceeding to swear and examine certain witnesses hereinafter mentioned, when Counsel for defendant,

your petitioner, objected to any evidence being given to prove the charge preferred, on the ground that the said Mayor and Council had no jurisdiction to try your petitioner for gambling; that such offences were cognizable and triable, alone, in the Superior Courts of the State.

Counsel for the prosecution then verbally announced that it was not proposed to try defendant, your petitioner, for an offence against the State laws, but for a violation, by gambling, (he being the Chief Marshal of the city,) of the charter and ordinances of the City of Macon; and consequently, for malpractice in office and neglect of duty.

At this stage of the trial, for the purpose of discussing said question, whether gambling within the corporate limits of the City of Macon, by the Chief Marshal of the said city, during his term of office, amounted to malpractice in office, and neglect of duty, under the charter and ordinances of said city, defendant, by his Counsel, for the sake of the argument, admitted the fact of gambling within the city limits, during his term of office as Chief Marshal; and after argument had, it was decided and adjudged that gambling by the Chief Marshal of the city, within the corporate limits of said city, during his term of office, did amount to malpractice in office, and neglect of duty.

Counsel for defendant then objected to be tried upon the charges thus preferred, upon the following grounds:

1st. Because defendant was elected by the people, and not by the City Council: he ought, therefore, to be tried in solemn form, and not dealt with summarily; that he had no notice of the charges thus preferred, and therefore, no opportunity of defence; and the said charges were wholly different to the charge to which he had announced himself ready to answer, as set forth in the resolution specifying charges; and that he was not charged or notified in writing, then or previously, that he would be put on his trial for malpractice in office, or neglect of duty.

2d. Because he had no notice of any distinct offence or offences of gaming; nor was he called on to answer the charge

of any distinct case or cases—when and where done, or what game or games played, but to answer the charge of gaming, generally.

3d. Because gambling by the Marshal, within the city limits, is not, in any sense, a violation of the city charter or ordinances, but a violation of the Penal Code, and cognizable and triable alone in and by the Superior Court.

4th. Because gambling by the Marshal, within the city limits, is neither, in any sense, malpractice in office nor neglect of duty, according to the charter and ordinances.

5th. Because there is nothing contained in the charter, nor in the ordinances, nor have instructions, of any kind, ever been given to said Shaw, upon assuming the duties of his office or since, notifying him that he would be held amenable to Council, in any shape, for gambling.

6th. Because, under the city charter and ordinances, the Marshal, being elected by the people, can only be tried or dismissed by the Council, on the grounds, viz: malpractice in office or neglect of duty—and that gambling is neither the one nor the other.

All which objections, the Mayor and Council over-ruled, and proceeded with the trial.

Counsel for the prosecution swore the following named witnesses, to-wit: John Chain, Eliphalet E. Brown and Victor Menard, and proposed to introduce the said John Chain and Eliphalet E. Brown, who had not been before the Grand Jury as a witness against said Shaw or Cooper. Counsel for defendant objected, on the grounds that the resolution of Council, calling upon said Shaw to answer the charge of gambling, having provided that certain witnesses, who had testified before the Grand Jury, should be subpœnaed to appear before the Council to testify against Shaw; and no provision having been made for the subpœna of other witnesses, said Shaw had a right to expect that no other would be produced; and the same tended to entrap him and embarrass his defence.

The objection to the witnesses was over-ruled, and the fol-

The Mayor, &c. *vs.* Shaw.

lowing is the testimony—and the only testimony, of any kind —introduced by the prosecution:

Victor Menard, John Chain and Eliphalet E. Brown, being duly sworn, all testified that they saw Harvey W. Shaw, the principal Marshal of the City of Macon, gambling for money on the Sabbath, being the Sabbath before the May Term of Bibb Superior Court, 1853, within the corporate limits of the City of Macon, and during his present term of office as principal Marshal.

After closing the testimony, Counsel for the defendant then moved his discharge, on the following grounds:

1st. Because no malpractice in office, and no neglect of duty, had been proven.

2d. Because no notice to the Marshal, on the part of the the Mayor or any member of the Council, although they knew of such offence within the limits of the city, to prosecute for the offence of gambling, has been or could be proven to have been given; and because such notice is necessary, under the ordinances, before the Marshal is liable for the neglect of duty.

The question was then put, whether Harvey W. Shaw, principal Marshal of the City of Macon, had been guilty of the offence of gambling, within the corporate limits of the City of Macon, during his term of office—which was unanimously decided in the affirmative.

It having been decided as above stated, that gambling, within the corporate limits, by the principal Marshal, amounted to malpractice in office and neglect of duty, under the city charter and ordinances, the Council retired to deliberate what action they should take in the premises. Whilst discussing the questions made, a resolution was moved and agreed to by said Mayor and Council, restricting all debate, on the part of Counsel for the prosecution and defence, to one speech on each side, on any single point that might be made, or might arise, in the

subsequent stages of the said trial; to which, Counsel for defendant excepted, on the ground that the same crippled the defendant's defence.

The Mayor and Council then retired in secret council, with closed doors, in the room of the Clerk of Council, and after remaining out for the space of one half hour, returned to the Council Chamber—when his Honor then read the following resolution, (the same resolution having been prepared by said Mayor and Aldermen, in said secret council, and then publicly agreed to and passed, to-wit:) having first allowed said Shaw's Counsel, private perusal of said order, and opportunity to show cause, if any they have, why said order should not be made the order of Council, and publicly passed; and after said showing, on the part of Shaw, said order was publicly admitted to Council for their action, and unanimously adopted, as their order and decree, in said case:

*Resolved,* That in the opinion of the Mayor and Council of the City of Macon, the Marshal, Harvey W. Shaw, in this city, in being guilty of the offence of gambling within the corporate limits of said city, has been guilty of malpractice in office and neglect of duty; and it is considered and adjudged, by the Mayor and Council of the City of Macon, that Harvey W. Shaw is hereby dismissed from the office of Marshal of the City of Macon.

To all which proceedings your petitioner objected.

And your petitioner further shows, that at the next regular meeting of the said City Council, to wit: on the 17th day of June aforesaid, your petitioner, by his legal Counsel, before the minutes of the said last meeting were confirmed, moved said Mayor and Council to reconsider their said proceedings against your petitioner; and in support of the same, presented the following petition, signed by your petitioner; and also another, in support thereof, signed by two hundred and seventy citizens, who constitute a majority of all the voters of said city, under the charter and ordinances thereof, to-wit:

*To the Mayor and Council of the City of Macon :*

The petition of Harvy W. Shaw, late Marshal of the said city, respectfully showeth :

That your Honorable Body, having at the last meeting of Council, passed a resolution dismissing your petitioner from the office of Marshal, for reasons therein contained, as a last resort, and with the hope that the action of your body might be reconsidered before the minutes of the last meeting are confirmed, he has referred his case to the citizens individually ; and prays that the memorial he now presents, signed by a majority of all the voters of the city, may be examined and acceded to, and that on account of the defendant's condition; of petitioner's family ; on account of the wishes of a majority of the citizens as aforesaid, under their own hands in said memorial; and on account of the fact that your late action would throw him out of business, at a time when he could not expect other means of support for the balance of the year, he prays that your Honorable Body would reinstate him in office for the balance of the term for which he was elected.   On his part, he promising faithfully, and to the best of his power, to discharge the duties of Marshal; to demean himself, in all respects, in such manner as the Marshal is expected to do; that he will not gamble, himself, nor give any aid or countenance to it in other persons ; and that he will faithfully prosecute all offences which may come to his knowledge, under such directions as Council may give him, or the ordinances require him to do.

All this he is prepared to bind himself in a bond, with good security, to do and perform.   And your petitioner will ever pray, &c.

HARVEY W. SHAW.

*June 17th, 1853.*

STATE OF GEORGIA, BIBB COUNTY—*City of Macon :*

We, the undesigned, citizens of Macon, petition the Honor-

.able the Mayor and Council of the City of Macon, to reinstate Harvey W. Shaw, the late Marshal, in his office for the balance of the term for which he was elected, he giving good bond and other assurances to Council, that he will not participate in, or give countenance to gambling, in any shape or form, during the balance of his term.

Signed by the citizens aforesaid.

*June 15th,* 1853.

(The original petition and signatures are thereto attached, as part thereof.)

On hearing which memorials, Council proceeded to confirm, and did confirm, their proceedings in the premises, by which your petitioner was dismissed from his said office as Marshal; and a new election was therefore ordered, the said Council having before confirming said minutes, permitted said defendant's Counsel to file his bill of exceptions to the action of Council in the premises.

Whereupon, your petitioner, by his Counsel, filed the following Bill of Exceptions, protesting against the action of said Council in the premises, which were over-ruled by said Council:

(For first six grounds see page 4.)

7th. Because the resolution of Council, calling upon said Shaw to answer the charge of gambling, having provided those certain witnesses, who had testified before the Grand Jury, should be supœnaed to appear before Council, to testify against said Shaw, and no provision having been made for the subpœna or introduction of other witnesses, said Shaw having the right to expect, and did expect, that no other witnesses would be produced against him; and that Council had, in admitting such other witnesses as the same, tended to entrap defendant and embarrass his defence.

8th. Because no malpractice, nor any neglect of official duty, had been charged or proved.

9th. Because no notice to the Marshal, on the part of the Mayor or any member of Council, although they knew of the existence of such offences within the city limits, to prosecute

for the offences of gambling, has been or could be proven to have been given; and because such notice is necessary, under the ordinances, before the Marshal is liable for neglect of duty.

10th. Because Council, after allowing said Shaw to make full defence by legal Counsel, and during the prosecution of the case, and while one of defendant's Counsel was addressing the Council in the case, passed an order restricting all debate by Counsel to one speech on each side, in the after stages of said trial, upon any one point—thereby embarrassing his defence.

11th. Because, since the action of Council in the premises, and the publication of their said proceedings, under their authority, in the city papers, and before the confirmation of the proceedings at the next meeting of Council, (according to the rules) the Council have been instructed, by a majority of all the votes in said city limits, by a memorial presented by them at said next meeting of Council, to reinstate said Shaw in office on certain conditions, which he then and there agreed to perform, and to which no objection was made; and that it was error in the Council to confirm their said proceedings, and order a new election, under the new circumstances of the case.

And your petitioner avers that notice has been given to the said Mayor and Council of this application for *certiorari*, and that he has not given any bond and security nor paid any cost, neither being required of him.

Whereupon, petitioner alleges error in the said Mayor and Council in the premises, upon all points taken and hereinbefore fully expressed and set forth. Therefore, to the end that said errors may be corrected, and justice done to your petitioner, may it please your Honor to grant to your petitioner, the State's writ of *certiorari*, directed to the Mayor and Council of said City of Macon, requiring them, through their proper officer, to copy and send up the proceedings in said case, to the next term of the Superior Court to be held in and for said county. And may it please your Honor to grant unto your petitioner a new trial in said case, or such other order as may seem to your Honor proper in the premises, and in conformity to the principles of law and justice; and that in the mean time, all pro-

ceedings by said Council be stayed.    And as in duty bound, your petitioner will ever pray, &c.

LANIER & ANDERSON.
HALL & CAREY.
STUBBS & HILL.
ROBERT A. SMITH.

COUNCIL CHAMBER, JUNE 10TH, 1853.

REGULAR MEETING.

Present—The Mayor.

Aldermen Holt, G. W. Adams, O. F. Adams, Johnston, Smith, Rogers, Clayton and Whittle.

Alderman Johnston's resolution, laid on the table at the last meeting, being the first business in order.

On motion of Alderman Holt, action was suspended until the investigation of the charges against the Chief Marshal was was disposed of.  Yeas—Holt, Whittle, G. W. Adams, Clayton and Mayor—5.   Nays—Johnston, O. F. Adams, Smith and Rogers—4.

The case of H. W. Shaw, principal Marshal, charged with gambling, was taken up, and after hearing his Counsel at some length, and the witnesses in the case, the question came before the Council, has Mr. H. W. Shaw, principal Marshal, been guilty of gambling on the Sabbath day, within the corporate limits of the city, during the present term of office ?

The yeas and nays being called, it was decided that he had. Yeas—Johnston, O. F. Adams, Holt, Whittle, G. W. Adams, Smith, Rogers and Clayton.   Nays—none.

Council took a recess for one hour, when the following resolution was passed:

*Resolved*, That in the opinion of the Mayor and Council of the City of Macon, the Marshal, Harvey W. Shaw of this city, in being guilty of the offence of gambling within the corporate limits of said city, has been guilty of malpractice in office and neglect of duty.   And it is considered and adjudged by the Mayor and Council of the City of Macon, that Harvey W.

Shaw be, and is hereby dismissed from the office of Marshal of the City of Macon.

*Yeas*—Johnston, O. F. Adams, Holt, Whittle, G. W. Adams, Smith, Rogers and Clayton.

*Nays*—None.

On motion of Alderman Whittle,

*Resolved*, That the Mayor be requested to order an election for Marshal and Deputy Marshal, in terms of city charter, to fill the existing vacancies.

Carried.

Council then adjourned.

Attest,

A. R. FREEMAN, c.c.

COUNCIL CHAMBER, JUNE 17TH, 1853.
### REGULAR MEETING.

Present—The Mayor,

Ald. Johnston, O. F. Adams, Holt, G. W. Adams, Rogers and Clayton.

Absent—Ald. Whittle and Smith.

The minutes of the last meeting have been read, R. S. Lanier, Esq., Attorney for H. W. Shaw, was granted the privilege of reading before the Council a memorial, signed by two hundred and seventy citizens, favorable to Mr. Shaw's being reinstated in his office; also a petition from Mr. Shaw on the same subject.

The action of the Council, in Mr. Shaw's case, being reconsidered, the memorial and petition were suffered to lie on the table, and the minutes were confirmed.

Attest,

A. R. FREEMAN, c. c.

And said petition for *certiorari* was sworn to, as follows:

STATE OF GEORGIA—BIBB COUNTY:

In person appeared before me, E. P. Brown, a Justice of the

Peace in and for said county, Harvey W. Shaw, who, being duly sworn, deposes and says, that the facts stated in the fore-going petition for *certiorari* are true, to the best of his knowl-edge, remembrance, information and belief.

(Signed)

HARVEY W. SHAW.

Sworn to and subscribed before me, this the 27th day of June, 1853.

E. P. BROWN, J. P.

And also the following consent was endorsed thereon, viz:

Bill of exceptions herein contained, and the statement of facts have been examined by the Counsel for Mayor and Coun-cil and agreed to June 27th, 1853.

(Signed)

POE, NISBET & POE,

*Attorneys for Mayor and Council.*

And after argument upon said *certiorari* and the proceed-ings therein set forth, the Court sustained the said *certiorari*, and granted the following order:

CERTIORARI TO BIBB SUPERIOR COURT.

*Harvey W. Shaw,*

*vs.*

*The Mayor and Council of the City of Macon.*

After argument had on the above stated *certiorari* and the proceedings therein set forth and contained, it is ordered and adjudged by the Court, that said *certiorari* be sustained, and the said proceedings before said Mayor and Council be quashed.

And Counsel for said Mayor and Council then and there excepted.

And Counsel for the Mayor and Council of the city of Macon, on this thirtieth day of June in said year, being within thirty days from the adjournment of the said term of the said Court, tender their bill of exceptions, and say, that the Court erred in sustaining said *certiorari*, and in granting said order quash-ing the proceedings of the said Mayor and Council, as set forth therein.

POE, NISBET & POE, for plaintiffs in error.

LANIER & ANDERSON; STUBBS & HILL; HALL & CARY, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The first point made in this case is, that in our State the writ of *certiorari* does not lie from the decision of a municipal corporation.

Our Constitution provides, that the Superior Courts "shall have power to correct errors in Inferior Judicatories, by writ of *certiorari*"; and the question here is, whether or not the Mayor & City Council of the City of Macon, when they tried the defendant in error, and dismissed him from his office, were acting as an Inferior Judicatory, in the sense in which that term is used in the Constitution.

A Judicatory has been rightly defined to be a Court of Justice. Was this body acting as a Court, when it tried the defendant? We think so. We think that for the purposes of that trial, it was possessed of all the elements of a Court of Justice; that it exercised these just as it did when any offender against its ordinances was tried before it; and that when it dismissed Harvey W. Shaw, it pronounced a judgment similar, in character, to that which it rendered in all cases of fine or imprisonment, inflicted upon persons violating the ordinances of the city.

[2.] It is next insisted, that the Judiciary Act of 1799 never contemplated the issuing of this writ to such a corporation, but only to bring up a cause from an Inferior Court; and that 20 days' notice was necessary.

The Judiciary Act of 1799, it is true, does not refer to the writ, as issuing to such a body; nor, indeed, to any other body or Court, except the Inferior Court *proper*. The terms of the Act, generally, have relation to the Superior and Inferior

XVI—24

Courts, (meaning, by the latter, our county Court, composed of five Justices,) and the 20 days' notice prescribed, applies solely to the latter Court—not to other cases, where the constitutional writ of *certiorari* is issued to other inferior Judicatories.

[3.] We are next called on to determine whether or not the defendant in error was legally dismissed from office.

There was some irregularity, we think, in the notice which was given to him. The terms of that notice, as communicated to him, in writing, would seem to have implied that he was to be put upon trial for the offence of gambling; and we think he may have very truthfully expressed surprise, when verbally informed, on the day of trial, that he was to meet a different charge, viz: malpractice in office, or neglect of duty. We can readily see that himself and Counsel might have been in perfect readiness to meet the first charge; and yet, being notified at so late a moment, not have been prepared to meet the other accusation.

But waiving this, let us look to the more important question—was the Marshal properly removed from office?

The amendment to the charter of the City of Macon, passed February 22d, 1850, authorizes the Mayor and City Council to dismiss the Marshal, for malpractice in office or neglect of duty.

The charge against the Marshal, in this case, was gambling in the City of Macon. This was proven, and nothing else appears, in the record, as proof of malpractice in office or neglect of duty. Did this constitute malpractice in office?

The word *malpractice* cannot be here used, in the technical sense of the term. It is not employed in the sense of *mala praxis*. That is to say, it does not signify that unskilful practice in a professional person, whereby some other person is injured. Nor does it mean mere neglect of duty; for neglect of duty is, in so many words, specified in the Act and in the same sentence. It could only signify some abuse of the duties of the Marshal's office—as extortion, official malversation or other

The Mayor, &c. *vs.* Shaw.

.such improper exercise of the office.   Of course the crime of .gambling was none of these things.

Was it neglect of duty ?   In one sense, it undoubtedly was so.   In that sense in which it would have been a neglect or violation of any one's duty.   It is clearly the duty of every person to abstain from gambling ; and so, of course, it was the duty of this Marshal.   But this is not the sense in which the .term was used.   It was plainly employed in the sense of neg- lect of official duty—his duty as Marshal—not as a good citi- .zen.   What his official duty was, the ordinances will show. The following are the official duties which, it is supposed, he has violated :

1. It is made his duty, by the charter,. " upon notice, in writing, from the Mayor or any member of the Council, to prosecute all offenders against the laws of the State, for crimes committed in the City of Macon".   And in case of any offence committed in his presence, or within his knowledge, " it shall be his duty to prosecute, without notice".   Here is a clear and definite duty prescribed, a violation or neglect of which would seem to be a sufficient cause for the removal of this officer, if the Mayor and City Council, themselves, had not, by their or- dinance, otherwise enacted.   We find that in the 5th section of the ordinances, under the head, *Marshal and Deputy Mar-* *.shal,* it is declared that it shall be the duty of the Marshal to prosecute all offenders, &c. in the City of Macon. ˙And if he :shall " fail or refuse to do so, when notified so to do, by the Mayor or any member of Council, he shall be removed from ˙his office".   Here the corporation have plainly restricted their right to remove this officer for not prosecuting, to cases where he shall fail or refuse to prosecute, after being notified so to .do.

It is not pretended that the defendant in error failed or re- fused to prosecute on this occasion, after being notified, nor was this the charge.   Indeed, it does not appear, by the re- .cord, that he did not prosecute.   He could not, therefore, for this cause, have been removed.

2. Similar observations may be made in relation to the duty

·of the Marshal, as prescribed by the 3d section of the ordinances under this head.

3.. The duty of the Marshal, prescribed by the 8th section of ·the ordinances under the head, *Nuisances,* as cited by the learned Counsel for the plaintiff in error, requiring that officer to " arrest all persons offending against the public safety, morality or decency", does not apply to cases of gambling, but to cases of nuisance, or *quasi* nuisance.    This Marshal did not violate that section therefore.

4. Neither does the 7th section, under the head, *Marshal and Deputy Marshal,* apply to cases of gambling, but to cases of disorder, drunkenness or riot in the streets.

These are all the duties of the Marshal which have been referred to, as having been violated by the defendant in error. And it must be very plain to every one, that the act of gambling, charged and proven against this defendant in error, was not such a neglect of the duties imposed by these ordinances, as authorized the dismissal of the Marshal, according to the charter, unless the act of gambling, *in itself,* constituted such neglect of duty.    That it did constitute neglect of *official* duty, we cannot think.    He had no warning to this effect—no notice, that if, while holding the office, he gambled he would be dismissed—he did not take the office with any such understanding ; and though the act was highly immoral and criminal, yet, it was not a neglect of duty—in the sense in which the Legislature used the terms.

We can but express regret, that we have been compelled, by a sense of our own duty, to take this view of the case before us.    It would have given us great pleasure, if we could have sustained the Mayor & City Council of Macon, in the action which they have taken against this defendant in error, who proved himself, in point of moral conduct, so unworthy of the office which he held.    We would fain have given them aid in the effort to suppress this abominable vice of gambling in their community.    They need such aid, if this record is to be believed.    It is a sad report which it makes of the state of morals, as regards this vice, in that flourishing and thriving city.

The Mayor, &c. *vs.* Shaw.

By the record before us, it appears, that not far from one hundred and fifty presentments, for this offence, were made by the Grand Jury, at the time this defendant in error was presented; and that other persons, besides the Marshal, charged with important official duties, and responsible for the good order and morals of the place, were, at the same time, put under accusation; and afterwards, punished for this same offence of gambling.   And we are sorry, indeed, that we cannot, by our judgment, aid those who, by rebuke and punishment of the defendant in error, have manifested a desire to lessen the frequency of this crime, in a community where it is so prevalent.   If we have not done so, it is only because we could not, and yet have regard to those legal principles to which every citizen, however immoral his conduct may have been, has the right to look, as safeguards of his person and property.

So far as we can tell from the record, no objection was made to this proceeding in the Court below, on the ground that no effect could now be given to the judgment of the Court, even if it should find that the Mayor & City Council had committed error in dismissing this Marshal from office, inasmuch as the time for which he was elected has transpired, and he could not be restored to office by the judgment.   And as the Court below was not asked to give an opinion on this point, and appears to have given none, we suppose it is right that we should not.   The parties seem to have made a case for the Court, and to have been satisfied to take the judgment on the points presented.

Let the judgment be affirmed.