## CITY OF SANDERSVILLE *et al. v.* BELL *et al.*

1. Where by charter authority is conferred upon the mayor and council of a municipality to provide by ordinance for the paving of its streets and sidewalks, but the charter does not provide for notice to the tax-

47

payers and for a hearing as to the reasonableness or unreasonableness of the tax imposed to pay for such pavement and as to whether it is necessary to be laid, and where in pursuance of the charter an ordinance is passed by the mayor and council, requiring the paving of certain streets, but there is no provision in the ordinance for a hearing after notice to the taxpayers, the ordinance is illegal and void, because it offends the due-process clause of the constitution of the United States and of this State.

2. But the section of the charter which confers authority upon the municipality to pave the streets and sidewalks, and to pass ordinances providing for such improvements and for their maintenance, and for the manner in which the same may be paid for, whether by the municipality or by the landowners or by both, is not void upon the ground that it violates the due-process clause of the constitution; for the provision that the municipality shall have authority to pass ordinances and laws providing for the pavement of the streets and sidewalks of the city whenever necessary, and to provide how said paving shall be paid for, whether by the municipality or by the owners of adjacent lands, or by both, by necessary implication confers upon the municipality the authority to make provision for notice to the owner, and for a hearing, after notice, upon the questions of the necessity for the proposed work and the reasonableness of the cost.

APRIL 12, 1917.

Injunction. Before Judge Hardeman. Washington superior court. September 23, 1916.

Bell and others, as residents and taxpayers of the City of Sandersville, brought a petition to enjoin the city from grading and paving certain sidewalks in front of petitioners' property, and from paving the street crossings; and to enjoin the contractors employed by the city from prosecuting the work. It is alleged, that neither the city's charter nor the ordinance adopted in pursuance thereof, requiring sidewalks to be paved at the cost of the owners of the property abutting thereon, affords to such property-owners a hearing on the question of the cost and value of such paving; that both the charter and ordinance are violative of art. 1, sec. 1, par. 3, of the constitution of this State, which provides that no person shall be deprived of life, liberty, or property, without due process of law; and that, the property-owners not being liable therefor, the city could not incur such expense without creating a debt, in violation of art. 7, sec. 7, par. 1, of the constitution of this State, limiting the debt which may be incurred by a municipality. Upon the hearing the court held that the section of the act of the General Assembly, constituting the charter of the City of Sandersville, which confers upon the city authorities the right to

pave sidewalks and streets and to assess the cost against the property-owners, makes no provision whereby such property-owners may be heard as to the reasonableness or unreasonableness of the cost assessed, and is therefore invalid as in violation of the provision of the constitution guaranteeing that no person shall be deprived of his property without due process of law. The court enjoined the defendants as prayed, so far as the proposed acts would affect the rights of the petitioners; and to this judgment the defendants excepted.

W. M. Goodwin, for plaintiffs in error.

B. T. Rawlings, Jordan & Harris, and A. R. Wright, contra.

BECK, J. (After stating the foregoing facts.) There was no error in granting an injunction in this case. The section of the charter of the City of Sandersville which confers upon that municipality the authority to do the acts against which the injunction is sought is as follows:

"Sec. 36. Be it further enacted, that the mayor and council of said city shall have full power and authority to pass all laws and ordinances concerning the draining and proper maintenance and care of the streets, alleys, and sidewalks and other public places of said city; to provide for the paving of the same, or any part thereof, whenever in their judgment the same becomes necessary; and to provide how said paving, maintenance, or care shall be paid, whether by said city or whether by the adjacent landlords, or by both." Georgia Laws 1902, p. 578. The ordinance under which the city was about to exercise the power conferred by this section of the charter provides for the paving of certain specified streets, the material with which they shall be paved, the quality of the material, and other such matters. In neither the charter itself nor in the ordinance is there any provision whatever for giving the property-owner and taxpayer an opportunity to be heard as to the necessity of the paving and as to the reasonableness of the cost; and for that reason we are of the opinion that the ordinance is in violation of the provision of our constitution that no one shall be deprived of his property without due process of law. Shippen Lumber Co. v. Elliott, 134 Ga. 699 (68 S. E. 509).

This ruling disposes of the issue immediately before us in this particular case; but we do not think that the judgment of the court should be affirmed in its entirety. In so far as the trial judge

holds that the section of the charter of the municipality under consideration is void, the judgment should be reversed and changed. That portion of the charter, while it does not in itself contain provision for a hearing as to the necessity of the paving and the reasonableness of its cost, or as to any other question involved in such matters, does provide that the mayor and council shall have power and authority to pass laws and ordinances making provision for the paving of the streets and sidewalks, and as to how the paving and maintenance of the same shall be paid for, whether by the city or by the owners of adjacent lands or by both. By necessary implication authority is thus conferred upon the legislative body of the municipality to provide for a hearing upon the questions that may properly be raised by the owners of lands adjacent to the streets upon which the proposed pavements are to be laid. The section of the charter does not in itself purport to be a complete or self-executing scheme for the pavement of the streets, and the creation of the method by which the property owners may be heard, but it expressly vests in the municipality the authority to pave the streets and sidewalks and to provide by ordinance how said paving shall be paid for, whether by the municipality or by the owners of adjacent lands, or by both; and by necessary implication the legislative body of the municipality is authorized to provide for a hearing, after notice, upon the question of the necessity for the work to be done and the reasonableness of the cost. In the case of *Shippen Lumber Co.* v. *Elliott,* supra, it is said: "Section 10 of the act of 1891, which is attacked as being unconstitutional, when considered in connection with all of the provisions of the charter as contained in the act incorporating the town of Ellijay and the several amending acts above mentioned, in so far as it relates to the ascertainment of values of unreturned property for taxation, does not contemplate the conferring of power upon the mayor and council to provide by ordinance for the ascertainment of the value of unreturned property, but professes to be a complete act within itself, and to make final disposition of the matter by conferring upon the mayor and council directly the power to assess the value, and makes no provision which affords the taxpayer a hearing as to the value of property to be assessed, but the assessment by the mayor and council is contemplated to be final and binding. It thus appears that the question before us is different from what it might

be if the charter provided authority to assess the value of property, and expressly conferred power upon the municipality to adopt ordinances providing for the ascertainment of values, and ordinances were in fact adopted which provided for notice and a hearing to the taxpayer." And while in the case just cited it was held that the section of the charter of the town of Ellijay, which purported to authorize the mayor and council to assess the value of any unreturned property, was violative of the due-process clause of the constitution of the United States and of State of Georgia, because no provision was made which afforded to the owner of any unreturned property a hearing on the question of its value, it was also said in that case that the question adjudicated was different from what it would be if the charter provided authority to assess the value of property, "and expressly conferred power upon the municipality to adopt ordinances providing for the ascertainment of values, and ordinances were in fact adopted which provided for notice and a hearing to the taxpayer." In the present case we are dealing with a charter which does confer upon the mayor and council of the municipality the power to adopt ordinances giving to the taxpayer the right to a hearing after notice. We think it was competent for the legislature of the State to authorize the legislative body of the municipality to pass ordinances providing for a hearing after notice to the taxpayer; and if the mayor and council had adopted such ordinance, due process of law would have been afforded the taxpayer. But in the absence of the passage of such ordinances, as we have held, there was a want of due process of law in the matter under consideration.

We think, therefore, that while the grant of an injunction should stand, the judgment, in so far as it holds the section of the charter set forth above to be unconstitutional and void, should be reversed.

*Judgment reversed in part, and affirmed in part. All the Justices concur, except Evans, P. J., disqualified.*