## CITY OF JACKSON *v.* KINARD.

1. Section 42 of the charter of the City of Jackson (Acts 1908, pp. 787, 801) is not unconstitutional on the ground that it does not afford, to persons against whom executions may be issued under an ordinance passed in pursuance of the power granted in said section to the mayor and aldermen of that city, due process of law. Said section being a grant of power, the latter need not be accompanied with provision for due process; but the legislature could leave to the city the enactment, in an ordinance for the exercise of such power, of provision for due process.

2. The ordinance of the City of Jackson of June 15, 1915, providing for the exercise of the power conferred by the above section, is unconstitutional and void, so far as executions to collect claims for electric power are concerned, because it does not furnish to persons against whom such executions may issue due process of law, in that it does not provide for notice and a hearing by which they can contest their liability for such claims. *Quære,* whether under said section the mayor and aldermen of said city are authorized to pass an ordinance for the collection of claims for power by execution.

            No. 3291. DECEMBER 15, 1922.

Injunction. Before Judge Searcy. Butts superior court. June 10, 1922.

The City of Jackson issued an execution against S. B. Kinard to enforce a claim against him for power furnished by said city

to him. This execution was levied on property of plaintiff, which was advertised for sale; and he filed a bill to enjoin the enforcement of said execution and the sale of his property thereunder. He alleged that he was the owner of property known as the Railroad Warehouse in which he operated a mill with electric power furnished by the city. The amount of power furnished him was measured by a meter attached to his motor. This meter does not accurately measure the amount of electricity furnished him by said city. The city demands payment in accordance with the amount recorded by said meter, without making any effort to test the correctness thereof. The city is proceeding in a summary and drastic manner to collect the amount it insists is due, which he contends is not due. Said execution was issued and the property levied upon advertised under the following ordinance of said city: " Be it ordained by the mayor and council of the City of Jackson, Ga., and it is hereby ordained by authority of the same, that the tax-collector of said city shall issue fi. fas. for all unpaid bills for water, lights, and power due the City of Jackson, after due notice to persons, firms, or corporations owing said bills; and that said fi. fas. shall be collected by levy and sale as tax fi. fas. are collected. This June 15th, 1915." Plaintiff alleges that this ordinance and the charter provision authorizing the same are unconstitutional and void, because in conflict with article 1, section 1, paragraph 3, of the constitution of this State, which declares that " no person shall be deprived of life, liberty, or property, except by due process of law; " and likewise violates the fourteenth amendment of the constitution of the United States, which declares that no State shall deprive any person of life, liberty, or property without due process of law. Plaintiff further alleges that no remedy has been provided by said ordinance authorizing plaintiff or any person to contest in any manner the justness of a claim, or to stop the levy upon or sale of his property. He is without any remedy at law; and unless a court of equity intervenes, he will suffer the loss of both property and rights. He prayed that the city be enjoined from enforcing said execution.

In its answer the city admitted the issuing and levying of said execution and the advertising of the property of plaintiff for sale thereunder. It denied that plaintiff did not owe the amount claimed by the city, and alleged that its meter correctly registered

the amount of power furnished to the plaintiff. If there was any defect in the meter, it was in not registering fully the amount of electricity used. Since plaintiff filed his bill, the city had the meter tested, with the result stated. It denied the plaintiff had been deprived of his property without due process of law.

On the hearing of the application for injunction, the only evidence introduced was an affidavit of A. B. Lindsey, who desposed that he was electrician for the City of Jackson; that it was his duty, among other things, to superintend the distribution of electricity to the city's customers, and measure the amount used by means of a meter through which the electricity is transmitted to motors or other means by which power is used; that there was a meter attached to the wires through which electricity was transmitted to the motor in plaintiff's mill; that the amount of electricity used each month by plaintiff was measured by said meter, and the amounts with which he was charged were correct; that since the levy was made of the execution against plaintiff by the city marshal, he, with the aid of experts, tested said meter, which was found to be a fraction slow, which indicated that it had failed to measure the full amount of electricity used by plaintiff.

The court granted a temporary injunction, restraining the enforcement of said execution; and error was assigned on this judgment.

*C. L. Redman,* for plaintiff in error.   *W. E. Watkins,* contra.

HINES, J. (After stating the foregoing facts.)   In the charter of the City of Jackson is this provision: " Sec. 42.   Said mayor and aldermen shall authority and power to provide by ordinance for the issuance of executions against the property of any persons who shall fail to pay when due to said city any tax, license fee, assessment, or any liability for the use of water or lights; and all such executions shall operate as tax executions."   Acts 1908, pp. 787, 801.   In pursuance of this charter power, the mayor and aldermen of said city enacted the ordinance, a full copy of which is set out in the statement of facts.   Under this ordinance an execution was issued by the city against Kinard, for the collection of an amount which the city claimed was due by him for electric power furnished by the city to him to operate his mill.   This execution was levied upon his property, and the same was advertised to be sold by the chief of police of the city under said

levy. Thereupon Kinard filed his petition in which he set out the foregoing facts, and further alleged, that he did not owe the amount claimed by the city; and that the above provision of the charter of the city and said ordinance, in pursuance of which said execution is being enforced, are unconstitutional and void, for which reasons he prayed to have the enforcement of said process enjoined. The court below enjoined its further progress on this ground; and the city brought the case to this court to review and reverse said judgment.

It is doubtful whether, under the above section, the city can by proper ordinance provide for issuing an execution to recover an amount due it for electric power furnished a customer. That section of the city charter only authorizes the mayor and aldermen " to provide by ordinance for the issuance of executions against the property of any persons who shall fail to pay when due to said city any tax, license fee, assessment, or any liability for the use of water or lights." Under the rule of strict construction, applicable to summary and harsh remedies, it would be stretching this language to make it embrace electric power; but this question is not made, and is not decided.

This section of the charter does not violate the due-process clauses of the State and Federal constitutions. It contains a grant of power, which need not be accompanied with provision for due process; but the legislature could leave to the mayor and aldermen of the city the enactment of an ordinance upon these matters which would afford due process. *Bearden* v. *Daves,* 139 *Ga.* 635 (77 S. E. 871); *Wadley So. Ry. Co.* v. *State,* 137 *Ga.* 497 (73 S. E. 741); *City of Sandersville* v. *Bell,* 146 *Ga.* 737 (92 S. E. 218). It is sufficient if the municipal ordinance, passed in the exercise of the power so granted, provides for due process. *Sandersville* v. *Bell,* supra. But the ordinance of the city, under which this execution was issued against Kinard, does not provide for any notice to customers, and does not give to them any opportunity to be heard on whether they are liable for the amounts claimed against them for electric power furnished them by the city, and for which such executions are issued. The party against whom an execution issues is wholly without remedy to contest his liability. He must pay whether he is liable or not, or his property will be sold. The gist and very heart and soul of due process are notice and op-

portunity to be heard. *Arthur* v. *Slate,* 146 *Ga.* 828 (92 S. E. 637) ; *Mott* v. *Ga. State Board of Optometry,* 148 *Ga.* 55 (95 S. E. 867).

As this ordinance does not provide for notice, and an opportunity for a hearing, to parties against whom executions issue to collect charges for power, it is unconstitutional and void so far as claims for power are concerned. Whether it is valid as to other classes of claims therein mentioned is not now for decision by this court.          *Judgment affirmed. All the Justices concur.*