## CITY OF MACON *et al. v.* ANDERSON.

1. The city council of Macon, in trying charges preferred against a member of the board of water commissioners and of the Bacon Field Park Commission, instituted for the removal of such member under sec. 77 of the charter of Macon (Acts 1914, pp. 979, 1020) exercises ju-

dicial powers or quasi-judicial powers, and is a special judicatory to which a writ of prohibition will lie in a proper case.

2. The writ of prohibition is an available remedy only where no other legal remedy or relief is given; and where a complete remedy exists by appeal, writ of error, writ of review, certiorari, injunction, mandamus, or otherwise, this writ should be denied.

(a) The office of the writ of prohibition in this State is to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, so that each tribunal shall confine itself to the exercise of those powers with which, under the constitution and laws of this State, it has been entrusted; and where such subordinate courts and inferior tribunals are clearly without jurisdiction of the subject-matters with which they are dealing, or act in excess of their jurisdiction, the writ of prohibition is an appropriate remedy to restrain them, the remedy by certiorari not being as full and complete as the writ of prohibition, and the grant or refusal of the writ of prohibition in such cases being, at most, a matter of discretion.

3. That portion of sec. 77 of the charter of Macon which is set out in full in the first division of the opinion in this case is not unconstitutional in that it violates the due-process clauses of the State and Federal constitutions, because it does not provide for notice and opportunity to be heard when charges are preferred thereunder against a member of a city board; it being a grant of power by the legislature to a municipality, which need not be accompanied by provision for due process, but the legislature can leave to the city council the enactment of an ordinance or resolution providing for notice to the accused and opportunity to him to be heard.

4. The question of the constitutionality of the provision of a legislative act is not raised by a petition in which no particular clause or part of the constitution is designated; and in such a case no question for decision by this court is presented.

5. Under the above provision of sec. 77 of the charter of Macon, which provides for the removal of a member of a city board for "continued neglect of duty or other conduct unbecoming the station of such member," a member can be removed for conduct which renders him infamous and unfit to discharge the functions of his office, although such conduct has no immediate relation to the discharge of his duties as such official.

6. The court erred in not sustaining the demurrer to the plaintiff's petition, and in granting the writ of prohibition.

*No. 3447. May 18, 1923.*

Prohibition. Before Judge Mathews. Bibb superior court. September 23, 1922.

J. L. Anderson filed his petition for the grant of the writ of prohibition against the City of Macon and its mayor and aldermen; and made this case: He was duly elected a member of the board of water commissioners of said city by the voters thereof, on Sept. 25, 1919, and qualified as such on Oct. 1, 1919. He was

elected for a term of six years, and his office expires on Oct. 1, 1925. In the charter of the city is this provision: " Any member of the boards herein provided for may be removed from office by the mayor of said city, after a public trial and conviction by the council upon written charges preferred, for continued neglect of duty or other conduct unbecoming the station of such member, to be judged of by said council." On Feb. 17, 1920, he was duly appointed a member of the Bacon Field Park Commission by the then mayor and council of said city, which said appointment is for life, or for the existence of said commission. Said commission was in fact created under the last will of the late Hon. A. O. Bacon, in which he gave certain of his lands to said city to be used as a park; and in order to superintend the same, he directed that a commission be appointed of seven members, after which such commission should be the judge of its membership and fill any vacancies occurring thereon. Subsequently to appointment of the original members, neither the city nor any official thereof has any jurisdiction whatever over such commission or any member thereof, and neither said city nor the mayor and aldermen thereof have any power to prefer charges against him as a member of such commission or remove him therefrom, either for or without cause. The above provision of the charter of Macon has no application to any member of said Bacon Field Park Commission, and, in so far as the subject-matter of his petition is concerned, relates only to him as a member of the board of water commissioners. He was a member of a labor organization, known as Central City Lodge No. 8 of the International Association of Machinists, and as such he held the office of financial secretary. On June 20, 1922, at a regular meeting of the mayor and aldermen of said city, the mayor preferred certain charges against him with said council. In substance these charges were that Anderson, while financial secretary of the above lodge, embezzled its funds amounting to $2230.66, for which offense he was arrested on a warrant issued March 7, 1922, which is now pending in the courts of Bibb County, and he is now out on bond; and that said misappropriation of funds constituted on his part conduct unbecoming his station as a member of the board of water commissioners and subjected him to being impeached and removed therefrom. Thereupon the mayor and aldermen passed a resolution

reciting the above charges, and providing that Anderson be given a public trial on said charges in the council chamber of said city on July 11, 1922, " with full opportunity . . to appear and be heard, to cross-examine the witnesses against him; to present evidence, . . to be represented by counsel, and to do all things necessary in his defense which may legally be. done." This resolution further provided that a copy of said charge be attached to a summons commanding Anderson to appear and answer said charge at the time and place aforesaid, and that he be furnished with a copy of the resolution. It further provided for the issuance of subpœnas to witnesses, commanding them to be and appear at said trial, and directed that they should be served by a police officer. It further provided that " all competent testimony offered by both sides shall be fully heard, and said charges fully sifted and investigated, with the object of ascertaining whether or not they are true."

Since his election and qualification as member of said board of water commissioners, petitioner has honorably, faithfully and conscientiously discharged his duties as such. It is the purpose of the city and its mayor and aldermen to hear and determine the charges preferred on July 11, 1922; and to this end they have issued subpœnas to witnesses and prepared for said hearing. The city and its mayor and aldermen are acting in excess of their powers, and petitioner has had no opportunity to object to their jurisdiction over such charges. He has no legal remedy or relief, save his appeal to the superior court, to prevent said defendants from hearing said charges; and he has no other lawful remedy to prevent their exceeding their jurisdiction. The action of defendants is illegal and in excess of their jurisdiction and powers: (a) because they have no jurisdiction to hear and determine said charges; (b) because no charges are preferred for continued neglect of duty as a member of said board; (c) because the charter of said city does not contemplate that the defendants have authority to try him for acts not directly connected with said office of water commissioner; (d) because said charges show that they are preferred under said portion of the city charter, to wit, " or other conduct unbecoming the station of such member," the same being unconstitutional and void, because it is too vague and indefinite to justify charges of a

criminal or quasi-criminal nature; (e) because said provision of the charter violates the due-process clause of the 14th amendment to the constitution of the United States; (f) because it violates the same clause of the State constitution, (g) because it violates the 6th amendment to the constitution of the United States; and (h) because it violates art. 1, sec. 1, par. 5, of the State constitution. He prayed for the writ of prohibition, commanding the defendants to desist from trying him on said charges.

By an amendment petitioner alleged that the clause, " or other conduct unbecoming the station of such member," only refers to matters of the same kind as that " for continued neglect of duty," and said charge of larceny after trust has no relation to that of continued neglect of duty. He further alleged that the mayor and aldermen of said city are prejudiced and biased against him.

The defendants demurred to the petition, on the grounds that (1) it sets out no cause of action; (2) it discloses no ground for equitable relief; (3) it discloses no ground for the grant of injunction; (4) that it discloses no ground for the issuance of the writ of prohibition; and (5) that petitioner has an adequate remedy at law for the matters of which he complains. The trial judge overruled the demurrer, and granted the writ of prohibition. Error is assigned upon this judgment.

*Harry S. Strozier, Grady Gillon,* and *H. D. Russell,* for plaintiffs in error.

*Robert W. Barnes,* contra.

HINES, J. (After stating the foregoing facts.)

1. It is insisted by counsel for the City of Macon that the writ of prohibition must be addressed to a court; and that the council of this city, in hearing and deciding charges preferred for the removal of a member of its board of water commissioners, do not constitute such a judicatory as will authorize the grant of the writ of prohibition to restrain this action, if a proper case for issuing such writ is otherwise made. In this contention we can not concur. The writ of prohibition lies " to arrest illegal proceedings by any court officer, where no other legal remedy or relief is given." Civil Code (1910), § 5458. It may be putting it somewhat too strong to say that it " issues only to prohibit action by an inferior court " (*Seymour* v. *Almand,* 75 *Ga.* 112); but for the purposes of this case we can accept this statement as

law. The contention that the writ of prohibition does not lie in this case is based upon the assumption that the action of the aldermen in this matter is administrative, although it may have some features judicial in their nature. If this assumption were well founded, the deduction therefrom would be well drawn; but the assumption is unfounded. Some of the duties of a municipal council are ministerial, some are legislative, and some are executive; but there are others which are judicial in their nature. Where the duty imposed upon the municipal council, or the members thereof, clearly requires the exercise of judicial powers or quasi-judicial powers, the action in discharging such duties is not legislative but judicial. Under such circumstances it becomes a special judicatory. *Mayor &c. of Macon* v. *Shaw*, 16 *Ga.* 172; *Asbell* v. *Brunswick*, 80 *Ga.* 503 (5 S. E. 500); *Gill* v. *Brunswick*, 118 *Ga.* 85 (44 S. E. 830); *Carr* v. *Augusta*, 124 *Ga.* 116 (52 S. E. 300); *Daniels* v. *Commissioners of Pilotage*, 147 *Ga.* 295 (93 S. E. 887); *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499 (11), 508 (113 S. E. 545).

The provision of the charter of Macon under which the aldermen thereof were proceeding in this matter is in part as follows: " Any member of the boards herein provided for may be removed from office by the mayor of said city, after a public trial and conviction by the council upon written charges preferred, for continued neglect of duty or other conduct unbecoming the station of such member, to be judged of by said council. The vote of two thirds of all the aldermen elected shall be necessary to such conviction and removal." Acts 1914, pp. 979, 1020, § 77. Action under this provision is clearly judicial, and provides for public trial by the city council. Before a member of any of the boards of said city can be removed, there must be a judgment of conviction. It prescribes the punishment when a member is convicted. Thus the city council, in trying charges preferred against a member of one of its boards, becomes a judicial tribunal to which the writ of prohibition lies in a proper case. If the action sought to be prohibited is judicial in its nature, it may be prevented by the writ of prohibition, though the tribunal or person to whom the writ is addressed is not in name a court or judge. Speed *v.* Common Council of Detroit, 98 Mich. 360 (57 N. W. 406, 22 L. R. A. 842, 39 Am. St. R. 555); Williamson *v.* Mingo

County Court, 56 W. Va. 38 (48 S. E. 835, 3 Ann. Cas. 355);
22 R. C. L. 12-16, §§ 12, 14, 16. So we are of the opinion that
the writ of prohibition will lie to the city council when acting
upon charges preferred against a member of one of the boards of
the City of Macon and when a proper case is made. It follows
that the court did not err in overruling the ground of the de-
murrer which raises the point that the city council, in hearing
these charges against the plaintiff, was not a judicial tribunal to
which the writ of prohibition would lie in a proper case.

2. The writ of prohibition is an available remedy only " where
no other legal remedy or relief is given." Civil Code (1910), §
5458., If a complete remedy exists by appeal, writ of error, writ
of review, certiorari, injunction, mandamus or otherwise, this writ
should be denied. Ex parte Warmouth, 17 Wall. (U. S.) 64
(21 L. ed. 543); In re Huguley Mfg. Co., 184 U. S. 297 (22
Sup. Ct. 455, 46 L. ed. 549); Ex parte Oklahoma, 220 U. S. 191
(31 Sup. Ct. 426, 55 L. ed. 431); *Hudson* v. *Preston,* 134 *Ga.*
222 (67 S. E. 800); *Cunningham* v. *Rachaels,* 146 *Ga.* 682 (92
S. E. 208). So where certiorari is an available remedy, this writ
will not issue. *Heaton* v. *Hooper,* 134 *Ga.* 577 (68 S. E. 297).
The remedy by certiorari is exceeding broad and far-reaching.
Certiorari is a constitutional writ, the judges of the superior court
being expressly clothed, by the constitution of this State, with
" power to correct errors in inferior judicatories." Civil Code
(1910), § 6514. By statute " the writ of certiorari will lie for
the correction of errors committed by justices of the peace, corpo-
ration courts or councils, or any inferior judicatory, or any person
exercising judicial powers." § 5180. Here is express con-
stitutional and statutory authority " for the correction of errors
committed by . . corporation courts or councils, or any in-
ferior judicatory or any person exercising judicial powers." It
may seem at first blush that the writ of certiorari furnishes a
remedy full and comprehensive enough to correct all errors com-
mitted by justices of the peace, municipal courts or councils, any
inferior judicatory, or any person exercising judicial powers,
whether within or without the limits of their respective lawful
jurisdictions; and that for this reason the writ of prohibition will
lie to these tribunals, if at all, only in rare and isolated cases.
But, if this were so, the writ of prohibition, which, like certiorari,

is a constitutional writ (Civil Code (1910), § 6514), would be practically unavailable as a remedy to prevent these tribunals from acting beyond or in excess of their jurisdiction. Both writs must stand, although one has a narrow, and the other a broad, range of action.

A brief review of the cases decided by this court upon this subject will show that the writ of prohibition lies in all cases where there is lack of jurisdiction of the subject-matter, or where the act complained of was in excess of the jurisdiction of the court or tribunal.. In *South Carolina R. Co.* v. *Ells,* 40 *Ga.* 87, it was held that justices of the peace, upon the opinion of twelve free-holders of the county, had no jurisdiction to abate a nuisance in a city; and that a writ of prohibition was the proper remedy to restrain them. In *Doughty* v. *Walker,* 54 *Ga.* 595, it was held that the office of the writ of prohibition in this State is to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, so that each tribunal shall confine itself to the exercise of those powers with which, under the constitution and laws of the State, it has been entrusted. In that case the writ issued to restrain a justice of the peace from setting aside a judgment rendered by him, on the ground that he had no authority to set it aside; and it was ruled that the writ of prohibition was the appropriate remedy to restrain him. This ruling was followed in *Mills* v. *Bell,* 136 *Ga.* 687 (71 S. E. 1120). Prohibition is the proper remedy to prevent an ordinary from proceeding further, pending an appeal from that court to the superior court. *Fite* v. *Black,* 85 *Ga.* 413 (11 S. E. 782). This decision was based upon the fact that the ordinary had lost jurisdiction over the case by its appeal to the superior court. It is true that this court, in rendering the decision in that case, said: " These executors, pending their appeals in the superior court, could resort to no remedy save this writ, to prevent the ordinary from treating his own judgment as final and going on to execute the same as he was proceeding to do;" but the true basis of the ruling in that case was lack of jurisdiction over the subject-matter after the appeal had been taken to the superior court.

" The refusal to surrender to an arresting officer, upon a warrant lawfully issued, one accused of crime can not be dealt with as a contempt of court by a justice of the peace who has done noth-

ing more than issue the warrant;" and where "for such a refusal
a justice of the peace, acting under authority supposed to have
been conferred upon him as the presiding officer of the court
created by the constitution, issues a rule for contempt, prohibi-
tion will lie to enjoin its further progress." *Ormond* v. *Ball,* 120
*Ga.* 916 (48 S. E. 383). Here the right to the writ of prohibi-
tion is based upon lack of jurisdiction in the magistrate to attach
the officer for contempt of his court. In *McGriff* v. *State,* 135 *Ga.*
259 (69 S. E. 115), it was held that "where one under indict-
ment for murder was taken in custody and placed in jail to await
his trial, it was not lawful for the ordinary of the county, upon
petition of the mother of the prisoner, . . to appoint a com-
mission to examine into the question of sanity and make a return
to him, and in case they should find him insane to direct the
person to be committed to the State sanitarium for insane per-
sons;" and that the writ of prohibition applied for by the solicitor-
general was the proper remedy to restrain such a proceeding.
Where the ordinary, upon the affidavit of certain freeholders, was
taking steps, under the Civil Code (1910), § 5333, to cause a
jury to be summoned and to try the question whether a power-
dam across a stream was a public nuisance, he was without power
to proceed summarily to abate such dam as a public nuisance,
and there was no error in the grant by the superior court of the
writ of prohibition to prevent him from proceeding in this matter.
*Meador* v. *Central Georgia Power Co.,* 137 *Ga.* 196 (73 S. E. 3);
*Central Georgia Power Co.* v. *Ham,* 139 *Ga.* 569 (77 S. E. 396).

From the above cases, it will appear that this court has decided
that whenever an inferior tribunal presumes to act when it has no
jurisdiction of the subject-matter of the proceeding, or if it has
jurisdiction thereof but exceeds its legitimate powers in the
particular matter, the writ of prohibition will lie, and the remedy
by certiorari is not adequate. On this subject see 32 Cyc. 605 (3).
In the cases where this court held that certiorari was an adequate
remedy, the tribunals sought to be restrained by this writ had
jurisdiction of the subject-matter involved. There is nothing to
the contrary in *Hart* v. *Taylor,* 61 *Ga.* 156, in which this court
said: "All that we rule now is, that the writ of prohibition,
which ought never to be granted except upon a strong case clearly
made out, of want of jurisdiction in the court sought to be pro-

hibited, should not have been granted in this case." Here this court recognized clearly the want of jurisdiction as ground for issuing this writ. Lack of such jurisdiction makes the writ of prohibition an appropriate remedy. In cases of lack of jurisdiction, the existence of any other remedy by appeal or otherwise, the granting or refusal of the writ of prohibition is, at most, discretionary. In re Rice, 155 U. S. 396 (15 Sup. Ct. 149, 39 L. ed. 198); Ex parte Oklahoma, 220 U. S. 191 (31 Sup. Ct. 426, 55 L. ed. 431). So we are of the opinion that certiorari is not as full and adequate a remedy as the writ of prohibition, when the tribunal sought to be restrained is clearly without jurisdiction of · the subject-matter or is acting in excess of its jurisdiction.

3. The plaintiff attacks the constitutionality of the above provision of the charter of Macon, under which the city council was proceeding to try him upon the charges preferred. One ground of this attack is that said provision violates the due-process clauses of the State and Federal constitutions, because it does not provide for notice to those to be tried thereunder, and does not give to such an opportunity to be heard. The trial judge took this view, and held this provision of the city charter unconstitutional. In so holding, we think he erred. It is true that notice and an opportunity to be heard are fundamental requirements of due process. *Riley* v. *Wright,* 151 *Ga.* 609 (107 S. E. 857); *Arthur* v. *State,* 146 *Ga.* 827 (92 S. E. 637); *Mott* v. *State Board of Optometry,* 148 *Ga.* 55 (95 S. E. 867); *City of Jackson* v. *Kinard,* 154 *Ga.* 692 (115 S. E. 69). But this provision of the city charter does not violate these clauses of the State and Federal constitutions. It contains a grant of power, which need not be accompanied with provision for due process. The legislature can leave to the city council the enactment of an ordinance providing for notice to the accused and an opportunity to be heard; and such an ordinance will supply due process. *City of Sandersville* v. *Bell,* 146 *Ga.* 737 (92 S. E. 218); *City of Jackson* v. *Kinard,* supra, So it is unnecessary to determine whether this provision of the city charter ex vi termini does not provide for notice and an opportunity to be heard. On this question see 2 McQuillin, Mun. Cor. 1210, § 552.

4. The plaintiff further contends that the clause in said provision, to wit, " or other conduct unbecoming the station of such

member," is unconstitutional and void, for that the same is too vague, indefinite, and evasive to form a basis of charges criminal or quasi-criminal nature. The plaintiff does not state in his petition whether this clause violates the State or Federal constitution, nor does he name any provision of either constitution which this clause violates. The question of the constitutionality of a clause in a legislative act is not raised by a petition in which no particular clause or part of the constitution is designated. *Dobbs v. Bullard,* 149 *Ga.* 553 (101 S. E. 122).

5. The vital question in this case is this: Have the city council of Macon the jurisdiction and authority to try the plaintiff upon the charge preferred against him? The charge against him is embezzlement or larceny of the funds, not of the city, but of a lodge of which he was secretary, during his term of office as a member of the board of water commissioners and a member of the Bacon Field Park Commission. The answer to the above question depends upon the proper construction of the language of the provision of the city charter which we have been considering, and which is set out above. A member of said boards, under said provision, can only be removed " for continued neglect of duty, or other conduct unbecoming the station of such member." The plaintiff contends that he can be removed only for unbecoming conduct in discharging the functions of his office. The trial judge was of the opinion that the unbecoming conduct referred to in this clause of the city charter was official misconduct, and not the conduct of the member in unofficial matters. There is force in this contention; but we do not believe that this is the proper construction of this language, which is broad enough to cover both personal and official conduct unbecoming the station of a member of these boards. The judge cites *Mayor &c. of Macon* v. *Shaw,* 16 *Ga.* 172, to support the plaintiff's contention. In that case the proceeding was to remove the city marshal for gambling; and the proceeding was instituted under an amendment to the charter of Macon, which authorized the mayor and city council to dismiss the city marshal for malpractice in office or neglect of duty. This court held that gambling was neither malpractice in office nor neglect of duty; and that, for this reason, the then city marshal of Macon could not be removed under the above amendment to the charter of that city. Under a statute fixing the term of a police-

man during good behavior, a dismissal because he falsely said of another member of the force that the latter had been found in bed with another man's wife, and requested that the statement be published, was judicially approved. People v. Police Comrs., 41 Hun, 389. In *Queen* v. *Atlanta, 59 Ga.* 318, this court held that a policeman could be removed from office for seduction, under a charter provision which provided that " for a failure to perform any duty required by law, or the city ordinances, they may be suspended or removed from office by the board of police commissioners." In *Mayor &c. of Brunswick* v. *Fahm,* 60 *Ga.* 109, the clerk and treasurer of Brunswick was put in jail under a charge of forgery, and he was indicted by the grand jury for that offense. Afterwards he was acquitted. This court held that the mayor and council were justified in dismissing him, and that he was not entitled to recover his salary. In *Tibbs* v. *Atlanta,* 125 *Ga.* 18 (53 S. E. 811), it was held that a policeman could be discharged by the police commissioners for conduct prior to his employment and having no immediate relation to the duties of the office of policeman. Under the rulings in the above cases, officers may be removed for conduct having no immediate relation to the duties of their offices; and we think these rulings are right in principle. By the common law municipalities could remove officers for misbehaviors not immediately related to their duties as officers, but making them infamous and unfit to execute any public function. It is true that misbehaviors which made such officers infamous and unfit to perform their public functions had first to be established by a conviction by a jury according to the law of the land. Rex v. Richardson, 1 Burr. 517. Such conviction is not now necessary, under a charter provision which authorizes the trial of officials for conduct unbecoming their station and offices.

So we reach the conclusion that a member of any board of the City of Macon can be removed from office upon his conviction, after public trial, by the city council for embezzlement or larceny after trust, although such offense has no immediate relation to the duties of his office, the same making him infamous and unfit to execute or discharge public functions. Accordingly the court below erred in not sustaining the demurrer to the petition of the plaintiff, and in granting the writ of prohibition restraining the city council from trying plaintiff on the charges preferred.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring. I agree to the result, but do not concur in the language used in the third headnote.