TURNER *et al. vs.* THE MAYOR, ETC. OF FORSYTH.

1. Where, under an act of the legislature passed in 1875, power was conferred upon a municipal corporation "to pass ordinances regulating the management of market-houses, private and public transportation through the city, bar-rooms and saloons licensed by them," and investing the municipal authorities "with full and exclusive power to regulate, control and direct the sale of ardent spirits, malt liquors, wines and cider within the corporate limits of said town, impose such restrictions, charges, conditions and penalties upon the same as they, or a majority of them, may deem proper, not repugnant to the constitution and laws of this State"; and where, in 1882, the legislature passed a law applicable to the county in which the town was situated, to prohibit the sale of spirituous and malt liquors in that county, and its adoption being left to a vote of the people, it was adopted, such act providing "that the provisions of this act shall not prevent practicing physicians furnishing liquors themselves as medicines to the patients under treatment by them"; after the passage and adoption of the latter act, all power over the subject of granting license, regulating bar-rooms, etc. was taken from the municipal authorities.

2. After the passage of the act in regard to the sale of liquors in the county, the mayor and council of the town had no authority to pass an ordinance directing that all physicians practicing medicine therein should make monthly returns to the council, giving a monthly statement of their business and for whom they furnished liquor, and providing a penalty for failing to comply with such ordinance.

3. The power to regulate bar-rooms and saloons did not include the power to regulate physicians and require returns from them as to

their practice and to whom they furnished liquors. A municipal corporation has no power, except that which is expressly granted to it, or such as is incident to an express grant of power.

4. The writ of prohibition is never granted when there is any other remedy; and as in this case the physicians had a complete remedy by making defence before the mayor and council, and if the decision were adverse to them, by writ of *certiorari*, there was no error in refusing the writ of prohibition.

April 15, 1887.

Municipal Corporations. Powers. County Matters. Liquor. Physicians. Prohibition. Before Judge BOYNTON. Monroe County. At Chambers, January 27, 1887.

Reported in the decision.

A. D. HAMMOND; B. S. WILLINGHAM; T. B. CABANISS, for plaintiffs in error.

ROBT. L. BERNER, for defendants.

BLANDFORD, Justice.

On the 5th of March, 1875, an act was passed by the legislature to incorporate the city of Forsyth; and by the 5th section of that act, the mayor and aldermen were given power "to pass ordinances regulating the management of market-houses, private and public transportation through the city, bar-rooms and saloons licensed by them;" and by the 12th section of the act, they were vested "with full and exclusive power to regulate, control and direct the sale of ardent spirits, malt liquors, wines and cider, within the corporate limits of said town, impose such restrictions, charges, conditions and penalties upon the same as they, or a majority of them, may deem necessary and proper, not repugnant to the constitution and laws of this State."

In 1882, the legislature passed a law applicable to the county of Monroe (acts 1882–3, p. 548), to prohibit the sale of spirituous and malt liquors in that county; and it

was left to a vote of the people to say whether they would adopt it or not. They adopted it. By the 6th section of the act, it is provided "that the provisions of this act shall not prevent practicing physicians furnishing liquors themselves as medicine to the patients under treatment by them," etc.

1. It is clear, we think, that when this act was passed by the legislature and adopted by the people of Monroe county, all power over the subject of granting license and regulating bar-rooms, etc. was taken away from the city of Forsyth. This was a law applicable to the whole county. After the passage of this law, the mayor and council passed an ordinance by which they directed that all physicians practicing medicine within that town or city should make monthly returns to the council, giving a statement of their business, and for whom they furnished liquor; and it provided a certain penalty for failure to comply. The plaintiffs in error, who were practicing physicians in that town, refused to comply with the ordinance; and they were arrested by the order of the municipal authorities, and steps were taken to prosecute them before the authorities for violation of this ordinance. They made application for a writ of prohibition to the superior court to prohibit the mayor and council from trying them, on the ground that this ordinance was contrary to law. This was refused by the court, and to this refusal plaintiffs in error excepted, and say that the court erred in not granting the writ of prohibition.

2. The main question in the case is, whether the mayor and council had the right to pass such an ordinance. We do not think they had. If they had such a right, it must have been conferred upon them by some act of the legislature; and the only act shown us on this subject, or of which we have any knowledge, is the act of 1875, incorporating this city, to which I have already called attention. That act authorized them to regulate bar-rooms and saloons; and unless a physician is a bar-room or saloon,

they would have no right to regulate him. They had a right to regulate the sale of spirituous liquors in the city of Forsyth, under their charter, prior to the adoption of this local option act of 1882, but when that was passed, they had no right to regulate any sale of spirituous liquors by practicing physicians in the city of Forsyth.

3. A municipal corporation has no power except that which is expressly granted to it, or such as is incident to an express grant of power. We find no express grant of power to the city to pass such an ordinance as this. Nor do we think it was incident to the power of the city. And we think we are fully justified in so holding by the former decisions of this court. In the case of *Hill vs. The Commissioners of Decatur*, 22 *Ga.* 204 (and we think this case is much stronger than that), the act contained the following: "That said commissioners of the town of Decatur, or a majority of them, shall have power to restrict, prohibit and regulate the sale, vending and distribution of all distilled spirituous and intoxicating liquor in the corporate limits of said town, and any person or persons violating the ordinances of said commissioners, passed in pursuance of the power granted by this section; shall, in addition to the penalty prescribed by said commissioners, be subject to all the pains and penalties to which persons are now subject by law for retailing liquor without license; provided, no license to retail spirituous liquors shall exceed fifty dollars." The court held that the word "provided" meant "on condition"; "on condition" that "no license to retail spirituous liquors shall exceed fifty dollars." And they say, "The power absolutely to prohibit the people of a town from the 'sale, vending and distribution of all distilled spirituous and intoxicating liquor,' is an exceedingly high power. If, therefore, any person claims the grant to himself of such a power from the legislature, the *onus* is upon him to show that the instrument under which he claims the grant of the power does grant the power. And this *onus* he does not cast from himself

by showing that the instrument under which he claims the grant of the power is susceptible of a construction which would grant him the power, if the instrument is also susceptible of another construction, one which would withhold from him the power." The instrument in that case was susceptible of a construction which would grant the power; yet that proviso attached to it, which they say is nothing but a condition, shows that the intention of the legislature was that they could regulate this thing when the license was granted, by not charging over a certain sum for the license, viz. fifty dollars. In this charter of the city of Forsyth, which I have called attention to, there is no power granted by it authorizing any such ordinance as that complained of by the plaintiffs in error· There is no construction that can be put upon that act which would authorize the conclusion that such power is granted by the act. It is not susceptible of two constructions, as in the case just cited. It is susceptible of but one construction, and that is, that they had no such power.

We are further justified in this construction by the usage that has obtained among the people of this State. From the first, our people were always adverse to any legislation looking to interference with private business—to nosing about and inquiring into the private affairs of men; and it has only been on rare occasions—and these have been since the war—that any such legislation has been passed by the General Assembly of this State. It is known to all of us who are acquainted with the history of the State, that our people have been adverse to such meddling on the part of public officials, State, county or municipal.

4. But while we think that these physicians were not bound to obey that ordinance, we think that they had a complete remedy without the writ of prohibition; they could have made a defence before the mayor and council, and if the decision was adverse to them, could have removed it, by *certiorari*, to a higher court. The writ of

prohibition is never granted when there is any other remedy, and we think the court was right in refusing it. The judgment of the court below is therefore affirmed