## HUDSON *v.* PRESTON.

The writ of prohibition is never granted where there is any other legal remedy; and here the applicant for the writ had a complete remedy by making defense before the recorder of the City of Atlanta, against whom the writ was sought, and by way of certiorari in case of an erroneous adverse decision.

MARCH 18, 1910.

Application for prohibition. Before Judge Bell. Fulton superior court. September 16, 1909.

*T. J. Ripley* and *W. H. Robertson,* for plaintiff.

*J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.

BECK, J. Victoria Hudson, the plaintiff in error, made application for a writ of prohibition against W. H. Preston, recorder pro tem. of the City of Atlanta, and alleged that on September 1, 1909,

she had been tried and convicted of the offense of disorderly conduct and keeping a disorderly house, and was sentenced to pay a fine or be confined for 30 days in the stockade, and was orally ordered by the court to move her place of residence within three days.	Two days afterwards the fine was paid, and she was liberated.	On September 7, 1909, she was arrested and confined in the police station on the charge of "failing to abide the sentence of the court," she having returned to her former residence.	On September 8th habeas-corpus proceedings were instituted against the chief of police, to secure her release from custody.	After the defendant's arrest on September 7th, the recorder pro tem. changed the charge on the docket and entered the charge of "violating section 1836 of the City Code of Atlanta, 1899."	On the same day the case was assigned for trial, and the recorder pro tem. overruled petitioner's application for a continuance until after the application of the habeas-corpus case, but did grant a postponement of the hearing until September 9th, and, after agreeing to continue the case, permitted one witness to give testimony against petitioner, over the objection of the latter.	She alleged further, that all the proceedings on this trial were illegal and void, and that it was a mere subterfuge on the part of the recorder pro tem. to "defeat the habeas-corpus writ."	It was alleged that the recorder pro tem. was disqualified on the ground that he had expressed an opinion as to the merits of the case,—that he had already tried the issue and expressed an opinion thereon; and the petitioner, for other like reasons, could not get substantial justice in a trial before the recorder pro tem.	The court refused the writ of prohibition, and that ruling is brought to this court for review.

The writ of prohibition is "the counterpart of mandamus, to arrest illegal proceedings by any court officer where no other legal remedy or relief is given; and the granting or refusal thereof is governed by the same principles of right, necessity, and justice." Civil Code, § 4885.	Considering the terms of the code section just quoted, it is manifest that the application for the writ was without merit, and the court properly refused to grant the same.	The city authorities had jurisdiction of the subject-matter dealt with in the ordinance for the violation of which the applicant had been arrested, and to impose penalties for a violation of that ordinance. See Acts 1874, p. 119, section 15; also page 120, sec. 16.	And it

is not contended that the recorder did not have jurisdiction to try offenders under these ordinances, nor that the ordinances themselves are void for any reason.

If the recorder was about to proceed with the trial of the petitioner for the same offense as that of which she had been formerly convicted, she could have defended upon the ground of former conviction, and could have sued out a writ of certiorari to any adverse ruling on the part of the court trying her. If the recorder himself was disqualified in the case for any reason, that point could also have been taken on the trial, and certiorari would have afforded a remedy for any erroneous ruling upon the question as made.

The change in the statement of the charge against the prisoner on the recorder's docket appears to have been made so that the charge might be in technical conformity with the terms of the ordinance alleged to have been violated; but at most it was a mere irregularity, and afforded no basis for the application for writ of prohibition. See *Mayor &c. of Montezuma* v. *Minor, 70 Ga.* 191; and *Turner* v. *Mayor &c. of Forsyth, 78 Ga.* 683 (3 S. E. 649).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*