## HEATON *v.* HOOPER.

The writ of prohibition will not be granted in a case where the applicant is afforded any other legal remedy.

JUNE 15, 1910.

Application for prohibition. Before Judge Kimsey. Stephens superior court. December 28, 1909.

A case pending in a justice's court was dismissed for want of prosecution. An appeal was entered to a jury in the same court. At a subsequent term, before a jury was empaneled, the justice of the peace, on motion of defendant's counsel, again dismissed the case for want of prosecution. At a later term, after notice to the defendant, a motion to reinstate was granted over the defendant's objection, and the case ordered to stand for trial at the ensuing term. After the order reinstating the case, the justice of the peace passed another order transferring the case for trial to the justice's

court of another district, reciting in the order that it would be more convenient to all the parties interested to try the case in the other district, and that all the parties were consenting to the transfer. After the order last mentioned, counsel agreed, in writing, that the case be tried at a subsequent term of the court to which the case had been transferred, without further notice or service. Upon the call for trial in the court to which the case had been transferred, it was again dismissed, upon motion of defendant's counsel, for want of jurisdiction. Subsequently the justice of the peace of the district from which the case had been transferred issued an order, upon motion of plaintiff's counsel, calling upon the defendant to show cause "why said case should not be tried, for the reasons, as claimed by movant's counsel, that said case was never legally dismissed or legally transferred from this court." After service of the order on the defendant, he applied to the superior court for a writ of prohibition to prevent the justice of the peace who issued the order from further interfering with the case. The grounds relied upon for obtaining the writ were: (*a*) that the justice of the peace had no right to set aside his own judgment or to reinstate a case which had been dismissed; (*b*) that the case had been transferred to another court by consent of the parties, and the justice of the peace had lost jurisdiction, and the case had already been adjudicated, and the plaintiff had lost his right of certiorari and "of resuing" the case. A rule nisi was granted; but on the hearing the writ was denied, and the applicant excepted.

*R. C. Ramey,* for plaintiff.

*J. B. Jones* and *Claude Bond,* for defendant.

ATKINSON, J. The notice issued by the justice of the peace required that the defendant show cause why the trial of the case should not proceed in the court where it was originally instituted. In response to that notice the defendant, who was subsequently the plaintiff in the application for writ of prohibition, could have set up any matter which he regarded as sufficient to prevent the further trial of the case, and the writ of certiorari would have been available to correct any error in the judgment rendered by the justice of the peace. The writ of prohibition will not lie where the applicant is afforded any other legal remedy. *Hudson* v. *Preston,* 134 *Ga.* 222 (67 S. E. 800) ; Civil Code, § 4885.

*Judgment affirmed. All the Justices concur.*