BUIE *v.* BUIE *et al.*

No. 8685. JUNE 15, 1932. REHEARING DENIED JULY 16, 1932.

30

*R. D. Meader* and *David S. Atkinson,* for plaintiff.

*H. O. Farr* and *G. B. Cowart,* for defendants.

HILL, J. (After stating the foregoing facts.)

The main question to be decided is whether a writ of prohibition will lie in a case like the present. The general rule is that prohibition will not lie if any other adequate remedy is available. The Civil Code (1910), § 5458, provides: "The writ of prohibition may be granted in vacation. It is the counterpart of mandamus, to arrest illegal proceedings by any court officer where no other legal

remedy or relief is given; and the granting or refusal thereof is governed by the same principles of right, necessity, and justice. The return must be in term, and issues of fact must be tried as in other cases." And see *Heaton* v. *Hooper,* 134 *Ga.* 577 (68 S. E. 297); *City of Macon* v. *Anderson,* 155 *Ga.* 607 (117 S. E. 753). Is an adequate remedy provided by law in cases like the present? This was an application brought to the ordinary of the county under the Civil Code (1910), § 3092, as amended by the acts of 1915 and 1918, praying that a guardian be appointed for the petitioner on the ground that he is an imbecile from old age and is incapable of managing his estate, etc. The act of 1918 (Ga. L. 1918, p. 162; Park's Code Supp. 1922, § 3106(a)) provides: "Upon the petition of any person, on oath, setting forth that another is liable to have a guardian appointed (or is subject to be committed to the Georgia State sanitarium), the ordinary, upon proof that ten days notice of such application has been given to the three nearest adult relatives of such person, or that there is no such relative within the State, or where such notice is waived in writing by such relative, and affidavit is made by any one of such relatives, or other person, that such person is violently insane and is likely to do himself bodily injury, and where the truth of such affidavit has been verified in writing by a practicing physician appointed by the ordinary to examine such person, shall issue a commission directed to three reputable persons, two of whom shall be practicing medical physicians in good standing, said physicians to be residents of the county, if that number reside therein, and the county attorney or solicitor of any city court located in said county, and, if no county attorney or solicitor of said city court, the solicitor-general of the circuit or some attorney of the county appointed by him, requiring them to examine by inspecting the person for whom guardianship or commitment to the sanitarium is sought, and to hear and examine witnesses on oath, if necessary, as to his condition and capacity to manage his estate, and to make return of such examination and inquiry to the said ordinary, specifying in such return under which such classes they find said person to come. Such commission shall be sworn, by any officer of this State authorized by the laws of this State to administer an oath, well and truly to execute such commission to the best of their skill and ability, which oath shall be returned with their verdict. No guardian shall be appointed for the

estate of such person, nor shall such person be committed to the sanitarium, without the unanimous verdict of such commission." Acts 1834, Cobb's Dig. 343; Acts 1838, Cobb's Dig. 345; Acts 1855-6, p. 151; Acts 1889, p. 70; Acts 1897, p. 109; Acts 1901, p. 38; Acts 1915, p. 20; Acts 1918, p. 162.

The Civil Code (1910), § 3093, provides: "Upon such return finding the person to be as alleged in the petition, or within either of said classes, the ordinary shall appoint a guardian for him or commit him to the Georgia State sanitarium." Acts 1834, Cobb's Dig. 343; Cobb's Analysis, 684. And the Civil Code (1910), § 3094, provides for an appeal in such cases, as follows: "The applicants for a commission, or the person for whom the guardianship is sought, or any friend or relative for him, dissatisfied with the return of the committee, may, upon paying all costs, and giving bond and security for all future costs and damages, within four days after the report has been acted on by the ordinary, enter an appeal to the superior court of the county, where the issue shall be submitted to a special jury, selected as in other cases; but the guardian appointed by the ordinary shall act as such pending the litigation." Acts 1834, Cobb's Dig. 343. Thus it appears that a remedy is provided by appeal; and if an adequate remedy is provided, then, under the decisions cited above, the writ of prohibition will not lie. In *City of Macon* v. *Anderson,* supra, it was said: "In cases of lack of jurisdiction, the existence of any other remedy by appeal or otherwise, the granting or refusal of the writ of prohibition, is, at most, discretionary." And see *Hudson* v. *Preston, 134 Ga. 222* (67 S. E. 800); *Healon* v. *Hooper,* supra. The applicant had a complete remedy by appeal from the court of ordinary to the superior court.

■ The amending acts of 1915 and 1918 are attacked as unconstitutional, on various grounds, in this writ of prohibition. In *Jackson* v. *Calhoun,* 156 *Ga.* 756 (b) (120 S. E. 114), it was held: "The writ of prohibition can not be invoked merely because the usual and ordinary remedy is indirect and inconvenient; and the writ should be granted only when it is apparent that the rights of the applicant can not be adjudicated by any other remedy. It is not an appropriate remedy for testing the constitutionality of a law." That decision was by six Justices, and is binding on the court.

■ It is insisted that the defendants are estopped by the former judgment of the court between same parties. It is true that an ad-

judication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, is an end of litigation. Civil Code (1910), § 4335. But by an inspection of the record it will be seen that the parties to the present case are not the same as in the former suit. Besides, the court in the former case based its ruling "on the sole question of the notice given the three nearest relatives being insufficient." The parties being different, and the decision on the subject-matter being different, it can not be held that the defendants are estopped by a former judgment, and the rule of res adjudicata does not apply. *Winkles* v. *Simpson Grocery Co.*, 138 *Ga.* 482 (2 *b*) (75 S. E. 640).

We reach the conclusion that the court did not err, for any reason assigned, in sustaining the demurrer to the petition and in dismissing the case.

*Judgment affirmed. Russell, C. J., Beck, P. J., and Gilbert, J., concur. Atkinson, J., dissents.*