## WRIGHT *v.* WOOD, Judge.

BELL, J. 1. "The office of the writ of prohibition in this State is to restrain subordinate courts and inferior tribunals from exceeding their jurisdiction, so that each tribunal shall confine itself to the exercise of those powers with which, under the constitution and laws of this State, it has been entrusted." *City of Macon* v. *Anderson*, 155 *Ga.* 607 (117 S. E. 753). "The writ of prohibition is never granted where there is any other legal remedy." *Hudson* v. *Preston*, 134 *Ga.* 222 (67 S. E. 800); *Turner* v. *Forsyth*, 78 *Ga.* 683 (3 S. E. 649); Civil Code (1910), § 5458.

2. After due service upon the defendant and affording him an opportunity to be heard, the criminal court of Atlanta has jurisdiction to entertain

and pass upon an application filed by the solicitor of such court, alleging that a written sentence as signed by the judge and as entered upon the minutes was through inadvertence made to contain different terms and conditions from the sentence which was orally pronounced upon the defendant, and praying that the records and minutes of the court be amended so as to conform to the sentence which was actually imposed; and if any error prejudicial to the defendant should be committed in the trial and determination of the issues made by such application, the error could be corrected on direct exceptions by the defendant. *Ga. L. 1891*, p. 936; Civil Code (1910), § 4644, par. 6; *Pulliam* v. *Jenkins,* 157 *Ga.* 18 (121 S. E. 679); *Day* v. *Smith,* 172 *Ga.* 467, 475 (157 S. E. 639); *Ellis* v. *Clarke,* 173 *Ga.* 618 (2), 622 (160 S. E. 780).

3. Since the trial judge in passing upon such application and in rendering judgment thereon would not exceed his jurisdiction, and the defendant would have an adequate remedy by excepting to the judgment for any error affecting the same, the defendant would not be entitled to the writ of prohibition to prevent the judge from hearing such application and rendering judgment thereon. *Jackson* v. *Calhoun,* 156 *Ga.* 756 (120 S. E. 114); *Beavers* v. *Armistead,* 156 *Ga.* 833 (3, 4) (120 S. E. 526); *Buie* v. *Buie,* 175 *Ga.* 27 (165 S. E. 15).

4. The judge of the superior court did not err in revoking his order sanctioning the petition for the writ of prohibition on the ground that the allegations did not show sufficient cause therefor.

*Judgment affirmed. All the Justices concur.*

No. 9585. February 13, 1934.

*Louis H. Foster* and *John H. Payne,* for plaintiff.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.