DANZIGER *v.* SHOOB.

No. 16211.   MAY 13, 1948.

624

*Pierce Brothers,* for plaintiff in error.

*Aaron Kravitch, Julius S. Fine,* and *Phyllis Kravitch,* contra.

HEAD, Justice. The only question presented by the record in this case is whether the superior court which grants the custody of a minor child, on the conclusion of divorce proceedings, continues to have jurisdiction over the subject-matter after the party to whom custody of the child was granted has changed her residence to another county of the State. This particular question has never been decided by the courts of this State.

It is the contention of the defendant in error that a superior court judge in a divorce action has continuing jurisdiction in matters concerning the custody of children, and that this jurisdiction would continue for the purpose of entertaining motions for modification, irrespective of the changed residence of the mother and child. It is further contended that the order of the court decreeing custody, which contained the phrase "until the further order of this court," showed that only a conditional or limited disposition of the child was made and that the court would retain jurisdiction for the purpose of making the order absolute, or modifying it in some degree before it is made absolute.

In some jurisdictions the award of custody of children in a divorce decree is considered to be one of provisional or interlocutory character, subject to modification or change as the welfare of the child may demand, and the absence of parents or children from the territorial jurisdiction of the court does not affect the court's power to modify the provisions of its decree respecting the custody of children. 17 Am. Jur. 520, § 686. The provision

of our law which authorizes the judge in divorce proceedings to award the custody of minor children is found in the Code, § 30-127, which reads in part as follows: "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, make a different disposition of the children, withdrawing them from the custody of either or both parties, and placing them, if necessary, in possession of guardians appointed by the ordinary."

It has been repeatedly held by this court that the award of custody in divorce proceedings authorized by this Code section is conclusive between the parties to the decree as to the right of such custody, unless a change of circumstances affecting the interest and welfare of such children is shown. *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237); *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294); *Girtman* v. *Girtman,* 191 *Ga.* 179 (11 S. E. 2d, 782); *Kniepkamp* v. *Richards,* 192 *Ga.* 519 (16 S. E. 2d, 24); *Fortson* v. *Fortson,* 195 *Ga.* 755 (25 S. E. 2d, 518). This is true even though the order of the court awarding custody contains words of limitation, such as "until the further order of this court." *Scott* v. *Scott,* 154 *Ga.* 659 (2) (115 S. E. 2); *Willingham* v. *Willingham,* 192 *Ga.* 407 (15 S. E. 2d, 514); *Fuller* v. *Fuller,* 197 *Ga.* 719 (2-a) (30 S. E. 2d, 600).

The superior court of the county in which a divorce decree was rendered has jurisdiction under its general powers to award custody of the minor children of the divorced parties. But when the decree of divorce becomes final and custody is awarded, proceedings to obtain future custody of the minor children by a party not awarded custody in the divorce action, must be based on facts and circumstances materially affecting the interest and welfare of the minor children, arising since the date of the divorce decree and the former award of custody. It is the policy of our law, under the decisions of this court, that the award of custody made by the divorce court is a final judgment on the facts then existing. And since there is no provision in our Constitution or Code that vests jurisdiction (regardless of the residence of the parties) of future proceedings involving the custody

of the minor children in the court rendering the divorce decree, the jurisdiction of that court must be determined under the provisions of the Constitution and the Code fixing the venue of all civil actions. The Constitution, art. 6, sec. 14, par. 3 (Code, Ann. Supp., § 2-4903), provides that all equity cases shall be brought in the county where the defendant resides against whom substantial relief is prayed. Paragraph 6 of the same article and section (Code, Ann. Supp., § 2-4906) provides that all other civil cases (except as otherwise fixed by the Constitution) shall be tried in the county where the defendant resides. The Code, § 3-201, provides that civil cases at law, except as otherwise especially provided for, shall be tried in the county wherein the defendant resides. While the petition in this case does not name Mrs. Danziger specifically as defendant, she is the person having custody of the minor child, and the only person against whom relief is prayed. The right conferred by the Constitution and the Code, that legal proceedings must be brought in the county of the residence of the defendant, is a substantial right, and whether the action be construed as one in equity or at law, the proceedings involving the future custody of the child must, under the Constitution and Code, be brought in the county of Mrs. Danziger's residence, since it is conceded that her present custody of the minor child is under a valid judgment or decree awarding custody to her.

The court erred in overruling the demurrer of the defendant, Mrs. Danziger, which attacked the petition on the ground that it showed on its face that the Superior Court of Chatham County did not have jurisdiction of her. Since the grounds of the demurrer were based entirely on jurisdiction, no question is made in this court as to whether or not the petition for modification of the award of custody stated a cause of action.

*Judgment reversed. All the Justices concur, except Jenkins, C. J., and Bell and Atkinson, JJ., who dissent.*