### BRINSON *v.* JENKINS.

WYATT, J.  The record in the instant case discloses that on May 5, 1947, Geneva Brinson filed suit for divorce, alimony, and custody of a minor child against Ray Brinson in Emanuel Superior Court. At the interlocutory hearing, custody of the minor child, Murray Brinson, was awarded to Geneva Brinson. On October 16, 1947, a total divorce was granted to both parties, but in the final decree or judgment, no mention of the custody of the minor child was made, though the decree contained this language: "Also that the plaintiff do recover of the defendant the sum of $25 per month for permanent alimony and support of Murray Brinson, their minor child, said sum to be paid to the plaintiff on the 1st day of each month beginning November 1, 1947, and monthly thereafter." No other provision was made for the payment of alimony. On April 12, 1950, Ray Brinson filed his petition in the Superior Court of Emanuel County against Geneva Brinson (now Jenkins); the prayers of the petition being: "1. That a nisi issue directed to the defendant, Geneva H. Jenkins, requiring her to show cause, any if she has or can, why the final award of the custody of said child should not be made. 2. That upon a hearing of the facts herein set up, petitioner be awarded custody of said child, Murray Brinson. 3. That such further and other relief as to the court seems proper be granted petitioner." To this petition Geneva Jenkins filed

her special plea to the jurisdiction, contending that she was then a resident of Johnson County, Georgia, and that the Superior Court of Johnson County, and not the Superior Court of Emanuel County, had jurisdiction of the case. It was admitted in open court that Geneva Brinson (now Geneva Jenkins) was a resident of Johnson County. The trial court sustained the plea to the jurisdiction. The exception is to that judgment. *Held:*

1. The interlocutory judgment rendered during the pendency of the divorce proceeding, awarding custody of the minor child, was temporary in its nature. "In suits for divorce, the judge presiding may, either in term or vacation, grant alimony, or decree a sum sufficient for the support of the family of the husband dependent upon him, and who have a legal claim upon his support, as well as for the support of his wife; and may also hear and determine who shall be entitled to the care and custody of the children pending the litigation, as if the same were before him on a writ of habeas corpus; and in case a sum shall be awarded for the support of said family, the husband shall not be liable to third persons for necessaries furnished them." Code, § 30-206. The final award of custody can ordinarily be made only after a divorce has been granted. "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound discretion, may look into all the circumstances, and, after hearing both parties, make a different disposition of the children, withdrawing them from the custody of either or both parties, and placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the application for divorce." Code, § 30-127. See also *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (16 S. E. 2d, 24); *Moody* v. *Moody,* 193 *Ga.* 699 (19 S. E. 2d, 504). If there has been a final award of custody of a minor child in a divorce proceeding, thereafter proceedings concerning custody of the child must be brought in the county of the defendant's residence. "When a decree of divorce becomes final and custody of minor children is awarded therein, such award of custody by the divorce court is a final judgment on the facts then existing. Thereafter, proceedings relating to the custody of the minor children, against the person awarded custody by the divorce court, must be brought in the county of such person's residence." *Danziger* v. *Shoob,* 203 *Ga.* 623 (48 S. E. 2d, 92). We are, therefore, confronted with the question whether or not, under the facts appearing in this case, there has been such a final judgment concerning the custody of this child as deprives the Superior Court of Emanuel County of further jurisdiction in the matter. Construing the two Code sections above quoted, this court, in *Black* v. *Black,* 165 *Ga.* 243 (4) (140 S. E. 364), said: "Under these sections the trial judge can exercise this power only when divorces are granted, or can only make a disposition of the minor children of the marriage during the period the divorce proceeding is pending. Where the case is terminated without a divorce being granted to either of the parties, the court can not exercise this power. *Keppel* v. *Keppel,* 92 *Ga.* 506 (17 S. E. 976). This power is one incident to the divorce proceeding, and is exercisable only as above stated. *Brightwell* v. *Brightwell,* 161 *Ga.* 89 (2) (129 S. E. 658)."

The only case we have been able to find similar on its facts to the instant case, is *Tillinghast* v. *Clay*, 152 *Ga.* 816 (111 S. E. 384). In that case, just as in the instant case, no mention of custody of the child was made in the final decree in the divorce proceedings, but alimony for support of the child, payable to the mother, was provided for in the decree. This court there said: "It will be observed that the verdict and decree do not expressly give the wife the custody of the minor child. But they are to have a reasonable intendment; and they will, where construction is necessary, be construed in the light of the pleadings. The verdict and decree provide that the plaintiff recover of the defendant $25 per month as permanent alimony for the support and maintenance of the minor child, the issue of the marriage of the parties, during the minority of the said child, 'to be paid to the plaintiff on the 15th day of each month hereafter,' etc. The fact that the amount allowed for the support of the child was to be paid to the mother monthly, and that it was to be paid 'during the minority of said child,' affords strong grounds for concluding it was intended that the mother should have the custody of the child." We recognize that the above-cited case differs in some particulars on its facts from the instant case, but consider the case to be controlling in principle. *Ponder* v. *Ponder*, 198 *Ga.* 781 (32 S. E. 2d, 801), does not require a different ruling, for the reason that in that case, when the final decree of divorce was rendered, it was agreed in open court between the parties, the court approving the agreement, that the matter of custody of the child would be determined later. When, as in the instant case, a divorce case involving divorce, alimony, and custody of a minor child is tried, and a final decree is rendered, the custody of the child having been previously temporarily awarded to the mother, the final decree providing for the payment of future alimony to the mother for the support of the child, and the father makes no request for a future determination of the question of the custody of the child, the judgment thus rendered is final, and the case in all its features is finally disposed of. It follows, from what has been said above, there was no error in sustainin the plea to the jurisdiction.

*Judgment affirmed. All the Justices concur.*

No. 17175. JULY 12, 1950.

*Rountree & Rountree,* for plaintiff in error.
*Price & Spivey,* contra.