## BURTON *v.* FURCRON.

No. 17336. FEBRUARY 13, 1951. REHEARING DENIED MARCH 14, 1951.

638

*Joseph B. McGinty* and *J. T. Sisk,* for plaintiff in error.

*Charles F. Johnson, Fred A. Gillen,* and *J. Walter LeCraw,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The controlling question here is the construction and the legal effect of the judgment of the Superior Court of Fulton County granted in 1943. By this judgment has the Superior Court of Fulton County retained exclusive jurisdiction, up to

this time, over the award of custody of the children involved? Ordinarily, where custody is awarded in divorce proceedings, the award is conclusive between the parties, though, where a change of circumstances affecting the welfare of the children subsequently occurs, a habeas corpus court can then change the custody. Under the Fulton County judgment it is reasonably clear that that court sought to retain exclusive jurisdiction over the custody of these children until, by further judgment, it had divested itself of exclusive jurisdiction. As to this the judgment stated: "It is ordered further that the custody of said children, for the present, be and the same is hereby awarded to the defendant, Corinne Furcron, and . . that the children be left in the care of their grandmother, Susie Burton, until the further order of this court. This court retains jurisdiction of this case for the purpose of determining permanent custody of the children at such time as the court in its opinion and upon further investigation, may deem for the best interest of said children."

We cannot find where this exact question has been passed upon by this court. Similar language, seeking to retain jurisdiction, was used in *Oetter* v. *Oetter,* 150 *Ga.* 118 (3), (102 S. E. 818), and *Girtman* v. *Girtman,* 191 *Ga.* 173 (2), (11 S. E. 2d, 782); but no ruling was made as to the authority of the trial judge to do so, as each case was decided on a different question. It was said in *Ponder* v. *Ponder,* 198 *Ga.* 781 (3) (32 S. E. 2d, 80), that whether the court could retain jurisdiction was an open question. It has been held that, where the judgment awarding custody contains the clause "until further ordered by the court," or a similar phrase, this does not deprive the order of its finality. See *Scott* v. *Scott,* 154 *Ga.* 659 (115 S. E. 2); *Willingham* v. *Willingham,* 192 *Ga.* 405 (1) (15 S. E. 2d, 514); *Fuller* v. *Fuller,* 197 *Ga.* 719 (2) (30 S. E. 2d, 600); *Danziger* v. *Shoob,* 203 *Ga.* 623 (48 S. E. 2d, 92).

We have two Code sections dealing with custody of children in divorce proceedings. Code § 30-206, providing for temporary alimony, permits the trial judge to "hear and determine who shall be entitled to the care and custody of the children *pending the litigation.*" Section 30-127, relating to custody of children where a divorce has been granted, contemplates a disposition of

the children based upon conditions then existing. We can see no authority in this section, either expressed or implied, that would permit the trial court to retain exclusive jurisdiction over the custody of the children. The custody is a vital issue to be determined when the divorce decree is granted, and the parties are entitled to a decision on this question as much so as on the question of divorce, or the amount of permanent alimony, if any, and such a decree becomes final on the facts then existing. Any attempt to modify the award of custody by declaring it temporary, leaving this issue indefinitely pending in abeyance, and seeking to retain jurisdiction for further investigation, will not divest the award of its finality. Of course, where there subsequently occurs a change of circumstances affecting the welfare of the children, the State as parens patriae, having guardianship of the incapable, opens the doors of its habeas corpus courts for a redetermination of custody, and this includes the courts of ordinary. *Haire* v. *McCardle,* 107 *Ga.* 775 (33 S. E. 683); *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433).

Attorneys for the grandmother insist that, inasmuch as there are instances where judgments granting permanent alimony and reserving in the court the right to subsequently alter the conditions have been held valid, a judgment awarding custody of children should be given the same effect. Ordinarily, judgments for permanent alimony cannot be changed, an exception thereto being where the judgment is by agreement between the parties and the agreement is incorporated in the decree. *Hardy* v. *Pennington,* 187 *Ga.* 523 (1), (1 S. E. 2d, 667); *Banda* v. *Banda,* 192 *Ga.* 5 (14 S. E. 2d, 479); *Chandler* v. *Chandler,* 204 *Ga.* 40 (1) (48 S. E. 2d, 841).

In the instant case there is nothing to show any agreement between the parties as to the custody and, accordingly, no ruling is made on the effect of a decree awarding custody by agreement with a reservation for a subsequent change in the discretion of the court.

Under the foregoing rulings, together with the fact that there was sufficient evidence to authorize the court of ordinary as between the parties in this proceeding to award custody to the father, the trial judge did not err in denying the writ of certiorari.

*Judgment affirmed. All the Justices concur.*