## HANSON v. STEGALL.

HAWKINS, Justice. This habeas corpus proceeding was instituted in the City Court of Thomasville by a mother, seeking custody of her minor son, who, it is alleged, is in custody of a paternal uncle of the child, as a result of his appointment as guardian of the child, due to the death of the child's father and aunt. In the divorce proceeding, in 1944, in Thomas Superior Court, in which a final decree of divorce was rendered, the custody of the child was awarded to the father's sister, Mrs. D. M. Register, with the right in both parties to visit and be with the child during reasonable visiting hours, and subject to the provision that the father maintain and support said child until he reaches his majority or becomes self-supporting, and "subject to such further order as the court may pass herein." The mother has since remarried and resides in another State. The defendant filed a demurrer and answer. The trial judge refused to hear any evidence or to consider any grounds of demurrer other than that relating to the jurisdiction of the court, and entered a judgment sustaining the demurrer and holding that it was without jurisdiction, and that jurisdiction of the custody of the child is in the Superior Court of Thomas County. Exception is to this ruling and judgment. *Held:*

1. Where a child is involved in the granting of a divorce decree, it is the duty of the trial judge to award custody; and while the Superior Court of Thomas County may have sought to retain exclusive jurisdiction over the custody of the child here involved by subjecting the judgment to "such further order as the court may pass herein," such a judgment will not divest the award of its finality, nor retain exclusive jurisdiction over the custody of the child where a change of condition

affecting its welfare occurs. *Burton* v. *Furcron*, 207 *Ga.* 637 (63 S. E. 2d, 650); *Fortson* v. *Fortson*, 200 *Ga.* 116, 117 (35 S. E. 2d, 896).

2. Where, as in this case, a change of circumstances occurs affecting the welfare of a child, the State as parens patriae, having guardianship of the incapable, opens the doors of its habeas corpus courts for a redetermination of the custody. *Burton* v. *Furcron*, 207 *Ga.* 637, 640 (supra.)

3. While it is quite apparent that the jurisdiction of the trial court to entertain habeas corpus cases generally was not involved in the consideration of this case, that question is settled by the act creating the City Court of Thomasville (Ga. L. 1905, p. 383, Sec. 13), and by the decision of this court in *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305 (6) (43 S. E. 780), and accordingly it does have jurisdiction of this case.

*Judgment reversed. All the Justices concur.*

No. 17579. SUBMITTED SEPTEMBER 11, 1951—DECIDED OCTOBER 10, 1951.

*C. E. Hay* and *A. J. Whitehurst,* for plaintiff.
*E. P. McCollum* and *Jesse J. Gainey,* for defendant.