## 18651. McAfee *v.* Martin *et al.*

Hawkins, Justice. On April 20, 1954, Mrs. Lena B. McAfee filed in Cobb County Superior Court a petition for habeas corpus, against Mr. and Mrs. James M. Martin, in which it was alleged that defendants were illegally detaining the eight-month-old son of plaintiff; that plaintiff had demanded possession of the child, which demand had been refused; that the detention and restraint of the child was illegal; and that plaintiff had not by contract or otherwise released her rights in the matter. The writ issued on April 20, returnable on April 24, and the hearing continued April 30. Defendants filed a plea of res judicata and motion to dismiss, in which they alleged that on January 11, 1954, a petition for habeas corpus was filed with the Ordinary of Cobb County by Mrs. James M. Martin against Ross Jackson involving the same child; that the ordinary, on March 1, 1954, passed an order awarding the care, custody, and control of the infant to Mrs. James M. Martin, one of the defendants in the present action; that the ordinary was still holding the matter within the breast of his court; that the present plaintiff, Mrs. Lena B. McAfee, was a witness in the proceeding before the ordinary; and that, since she did not file any pleadings or claim of any nature, she is now estopped from asserting any further claim to her child. It was further alleged that said judgment of the ordinary was not appealed or excepted to in any manner, and that plaintiff was therefore bound by the judgment of the ordinary, she being a witness in the former hearing. Copies of the petition filed with the ordinary by Mrs. James M. Martin, the answer of Ross Jackson, and a judgment of the Ordinary of Cobb County, Georgia, were attached to the plea. The bill of exceptions recites that, "after full argument by counsel for the respective parties and without any introduction of evidence or consideration of the answer filed by the defendants, the presiding judge . . . did . . . sustain the plea on each and every ground thereof and dismiss the habeas corpus proceedings." The exception is to this judgment. *Held:*

1. A judgment rendered by a court of competent jurisdiction in a habeas corpus proceeding involving the custody of a child, which is not excepted to, cannot be deprived of its finality by a recitation therein that "the cause is retained for orders of this court," since no one court can retain exclusive jurisdiction of the custody of children in the future. *Burton* v. *Furcron,* 207 *Ga.* 637 (63 S. E. 2d 650); *Hanson* v. *Stegall,* 208 *Ga.* 403 (67 S. E. 2d 109); *Stout* v. *Pate,* 209 *Ga.* 786 (2) (75 S. E. 2d 748).

2. While an adjudication of the same subject matter in issue in a former suit between the same parties by a court of competent jurisdiction is an end of litigation (Code §§ 3-607, 38-623, 110-501), the plaintiff in this case is not estopped by the judgment rendered in the court of ordinary in a proceeding to which she was not a party, although she appeared as a witness therein. *Buie* v. *Buie,* 175 *Ga.* 27 (165 S. E. 15); *Stanley* v. *Laurens County Board of Education,* 188 *Ga.* 581 (4 S. E. 2d 164); *Tarver* v. *Jones,* 34 *Ga. App.* 716 (131 S. E. 102).

3. Where a defendant files a plea of res judicata, he assumes the burden, and must show the truth to the court; and where there is nothing in the record to show any admission by the plaintiff of the truth of the plea, the trial court could not, without proof, take judicial cognizance

of a former judgment in another case in another court and enter an order sustaining the plea and dismissing the case. *Glaze* v. *Bogle,* 105 *Ga.* 295 (31 S. E. 169); *Salter* v. *Heys,* 207 *Ga.* 591 (63 S. E. 2d 376).

4. Applying the foregoing rulings to the facts of this case, the trial court erred in sustaining the plea of res judicata and dismissing the plaintiff's habeas corpus proceeding.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 12, 1954—DECIDED SEPTEMBER 13, 1954.

*R. M. Reed, Leon Boling, Ben F. Smith,* for plaintiff in error.