### 18761. GIBBS v. NORTH.

MOBLEY, Justice. ■ The petition, brought in the Superior Court of Catoosa County, sought to attach the mother for contempt of court and prayed for equitable relief against her, alleging that she was a resident of Fulton County. The court after hearing evidence found that the mother was not in contempt of court, but entered an order granting equitable relief prayed for by the father. The original order of the court, to the effect that the child should remain within the jurisdiction of the court and that the court retained jurisdiction of the cause and parties thereto, constitutes an attempt on the part of the trial court to retain exclusive jurisdiction of the case, which this court held in *Burton* v. *Furcron*, 207 *Ga.* 637 (63 S. E. 2d 650), could not be done.

2. It is well settled in Georgia that the award of custody in divorce proceedings is conclusive between the parties, as to the right of custody, unless a change of circumstances affecting the interest and welfare of the children is shown. And a decree of divorce awarding custody of a minor child is a final judgment on the facts then existing. Thereafter proceedings relating to the custody of the minor child, against the person awarded custody by the divorce court, must be brought in the county of such person's residence. *Danziger* v. *Shoob*, 203 *Ga.* 623 (48 S. E. 2d 92); *Brinson* v. *Jenkins*, 207 *Ga.* 218 (60 S. E. 2d 440).

3. Accordingly, the petition, alleging that the mother was a resident of Fulton County, was subject to demurrer on the ground that no substantial relief was prayed against any party litigant who was a resident of Catoosa County, and therefore the court was without jurisdiction. The principal reason which the father alleged as constituting a ground for equitable relief was that the mother had married another person and moved her residence to Fulton County. On the question as to the right of the superior court to grant equitable relief in the county where a person to whom custody was awarded has moved his residence, see *Harrison* v. *Kelly*, 209 *Ga.* 537 (2), 540 (74 S. E. 2d 546).

4. The error in overruling the mother's general demurrer rendered further rulings nugatory.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 11, 1954—DECIDED NOVEMBER 8, 1954—REHEARING DENIED DECEMBER 2, 1954.

*John E. Wiggins,* for plaintiff in error.
*Painter & Cain,* contra.