## 23758. PUCKETT v. PUCKETT.

DUCKWORTH, Chief Justice. The motion to dismiss the appeal is without merit since the enumeration of error need be only sufficient to point out the error complained of and need not conform to the old assignments of error heretofore abolished. *Code Ann.* §§ 6-809, 6-810 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243). The enumerated error is that a final judgment in 1965 in a divorce and alimony case which contains language which is surplusage seeking to retain jurisdiction,

send the case down to the juvenile court for further investigation, and to render judgment some 11 months later was a nullity in trying to retain jurisdiction. Thus the appellant seeks to have the judgment here rendered in 1966 declared null and void and of no force and effect since the portion of the earlier judgment seeking to retain jurisdiction was an absolute nullity, which it is. See *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650) ; *Hanson v. Stegall,* 208 Ga. 403 (67 SE2d 109) ; *Stout v. Pate,* 209 Ga. 786 (75 SE2d 748) ; *Broome v. Broome,* 212 Ga. 132 (91 SE2d 18) ; *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2). While no ruling can be made on the final judgment in 1965, which is the law of the case since no appeal was taken therefrom within 30 days after its rendition, yet the void portion of that decree may be shown in this appeal from a judgment based thereon in 1966 to be an absolute nullity making the final decree likewise a nullity. This court should, as we do now, rule the surplus language in the 1965 judgment void because we know no good purpose is served by allowing it—as a "dead horse"—to stand to confuse further the rights of the parties.

*Judgment reversed. All the Justices concur.*

Submitted October 12, 1966—Decided October 20, 1966.

*Russell G. Turner, Sr.,* for appellant.
*Ernest D. Brookins,* for appellee.