442 F.2d 1330
 George Henry THOMASON, Petitioner-Appellant,
v.
S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.
No. 71-1139 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 May 26, 1971.
 
 George H. Thomason, pro se.
 Arthur K. Bolton, Atty. Gen., Charles B. Merrill, Jr., Asst. Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.
 Before JOHN R. BROWN, Chief judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 This is an appeal of a denial of a writ of habeas corpus brought by a Georgia state prisoner. In June 1969 Appellant was convicted of murder on a guilty plea in Fulton County, Georgia for which he received a life sentence. He was denied habeas corpus relief in Tattnall County Superior Court in July 1970.
 
 
 2
 He then filed for habeas corpus in the Federal District Court. As they did in the state proceedings, his contentions concerned the effectiveness of his retained counsel. The District Court examined each of the allegations and without an evidentiary hearing found them meritless. In passing, that Court commented that 'petitioner alleges that he filed a petition for a writ of habeas corpus in State Court, raising the same issues, and that his petition was denied at both the trial and appellate levels.'
 
 
 3
 Yet there seems to be a serious question as to whether the Supreme Court of Georgia has in fact had an opportunity to rule on the contentions of the prisoner. Notice of appeal to the Supreme Court was given and the appeal was docketed. But the State urges that the appeal was dismissed for want of prosecution. On the record before us, we find nothing to refute this, and we are unable to determine from the information available to the District Court that led it to conclude that state remedies had been exhausted.
 
 
 4
 We must thus remand to the District Court for a closer investigation of whether the prisoner's remedies through the Georgia courts have been exhausted. If they have not been then it would have been improper for the District Court to rule on Appellant's allegations and this would have resulted in dismissal of the Federal Court petition with leave to reinstate if necessary after such exhaustion. The responsibility for the initial determination of Appellant's constitutional claims is in the state courts. 'This places responsibility where it squarely belongs and where Georgia wants it,' Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731, 736.
 
 
 5
 Vacated and remanded.