447 F.2d 1356
 John L. CALHOUN, Petitioner-Appellant,
v.
S. Lamont SMITH, Warden, Georgia State Prison, Reidsville,
Ga., Respondent-Appellee.
No. 71-1469 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Sept. 9, 1971.
 
 John Lee Calhoun, pro se.
 Arthur K. Bolton, Atty. Gen. of Georgia, Mathew Robins, Asst. Atty. Gen., Atlanta, Ga., Harold N. Hill. Jr., Executive Asst. Atty. Gen., Courtney Wilder Stanton, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal by a State of Georgia prisoner is from the denial by the district court of his petition for writ of habeas corpus. The district court found that appellant had deliberately bypassed an available state remedy and therefore concluded that his petition seeking federal review of his collateral attack upon his state convictions was not ripe for determination. We affirm on the failure to exhaust available state remedies principle. We find it unnecessary to reach the deliberate by-pass question.
 
 
 2
 Upon the denial of habeas corpus relief by the Tatnall County Superior Court, appellant filed a notice of appeal to the Georgia Supreme Court. Thereafter his appeal was dismissed by that court for want of prosecution.
 
 
 3
 In his petition to the district court, appellant contended that he had not deliberately bypassed an available state remedy by failing to perfect his appeal. This contention was grounded on the fact that his motion for appointment of counsel was denied by the Georgia Supreme Court, and that as a layman with a limited education, he was unable to submit a proper enumeration of errors for appellate purposes.
 
 
 4
 The district court treated the issue by inquiring whether, under circumstances peculiar to the appellant, the dismissal by the Georgia Supreme Court was evidence of a deliberate bypassing of state remedies such as would justify the denial of federal review. cf. Bonaparte v. Smith, 5th Cir.1971, 448 F.2d 385. More narrowly defined, we think the question becomes the extent to which a pro se petitioner can be expected and required to abide by the procedure for perfecting an appeal to the Georgia Supreme Court in the process of exhausting his state habeas corpus remedies.
 
 
 5
 It is advanced in the brief of the respondent-appellee that a pro se inmate seeking appellate review in Georgia need only meet two simple requirements: (a) mailing to the Georgia Supreme Court one document stating the grounds complained of, and (b) mailing one document containing a short argument supporting those grounds. Furthermore an examination of recent Georgia Reports reveals that a substantial number of pro se appeals are heard by the Georgia Supreme Court. See e.g., Williams v. Smith, 226 Ga. 750, 177 S.E.2d 255 (1970); Smith v. Smith, 226 Ga. 748, 177 S.E.2d 230 (1970); Blakey v. Smith, 226 Ga. 746, 177 S.E.2d 248 (1970); and Musgrove v. Smith, 226 Ga. 672, 177 S.E.2d 48 (1970). And in regard to the particular inability that appellant complained of, the Georgia Supreme Court has taken a position of liberality in holding that the 'enumeration of errors need by only sufficient to point out the error complained of. * * *' Puckett v. Puckett, 222 Ga. 653, 151 S.E.2d 767 (1966).
 
 
 6
 Thus we can accept the proposition that pro se appeals are realistically as well as legally available, and that as a general rule, the requirements regarding the enumeration of errors and the filing of a brief must be conplied with to avoid dismissal for failure to prosecute the appeal. The record here does not disclose even an attempt to properly present the appeal. On the other hand, it shows an ability on the part of appellant to present his contentions before other courts. These facts, taken together, are more than ample to show a failure to exhaust available state remedies.
 
 
 7
 To hold otherwise would be to reduce the requirement of exhaustion of state remedies up through the Georgia Supreme Court to nothing more than the filing of notice of appeal and then waiting for a dismissal for failure to prosecute. In Thomason v. Smith, 5 Cir.1971, 442 F.2d 1330, we held that an appeal must be perfected to the Georgia Supreme Court before a habeas corpus applicant has effectively complied with the requirement of exhaustion.[1]
 
 
 8
 This case is not different except that in Thomason we remanded to determine if there had in fact been exhaustion after it appeared, as here, that the appeal to the Georgia Supreme Court was dismissed for want of prosecution. Here the facts pertaining to the dismissal have been developed and adversely to appellant.
 
 
 9
 As to appellant's argument that he was not able to enumerate errors as required by the Georgia Supreme Court, the district court found that '(appellant's) petition itself shows that Mr. Calhoun * * * possesses sufficient skill to prosecute (his) case in any court, state or federal. A 'proper' enumeration of errors and a brief in support thereof is not required by the Supreme Court of Georgia. Pro se habeas corpus petitions will be liberally construed. If a prisoner makes only a minimum effort to comply with the rules of a court, the merits of his action will be adjudicated.'
 
 
 10
 In upholding the district court's judgment, we reaffirm our holding in Thomason v. Smith, supra, that the 'responsibility for the initial determination of Appellant's constitutional claims is in the state courts.' This places the responsibility where it squarely belongs and where Georgia wants it. Peters v. Rutledge, 5 Cir.1968, 397 F.2d 731, 736.
 
 Affirmed
 
 
 [1]
 An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. * * * 28 U.S.C. 2254(b)